[No. 1370, February 1, 1911.]

## FIRST NATIONAL BANK OF ARTESIA, Appellee, v. THE HOME INSURANCE COMPANY OF NEW YORK, Appellant.

### SYLLABUS (BY THE COURT).

1. In an action brought to recover on a draft, the complaint alleged that the draft was drawn by an agent on his principal by authority of the principal; that the draft was presented, payment refused, and that same is still unpaid, held, to be good on a demurrer for failure to state facts sufficient to constitute a cause of action, for the reason that "a draft drawn by an agent on his principal by authority of the principal, is equivalent to a draft drawn by the principal himself, and need not be accepted by the drawee in order to bind it."

2. By the provisions of Section 130, Chapter 83, Laws 1907, known as the "Negotiable Instrument Act," it is provided that where the drawer and drawee are the same person a draft may be treated as a promissory note, thus requiring no acceptance.

3. By the provisions of Section 12, Chapter 62, Laws 1901, every contract in writing imports consideration.

Appeal from the District Court for Eddy County, before WILLIAM H. POPE, Chief Justice. Affirmed.

DYE & DUNN for Appellant.

Appellant was not liable on written instrument on which his signature does not appear. Laws 1907, chap. 83, sec. 18; Luna v. Mohr, 3 N. M. 63; Webster v. Wray, Neb., 26 Am. Rep. 754; 1 Daniel Neg. Inst., 4 ed., sec. 409.

Special agent, who executed written instrument, had but limited authority and instrument was without consideration. Bank of Commerce v. Baird Mining Co., 13 N. M. 424; Baum v. Palmer, Ind., 76 N. E. 108.

Instrument had never been accepted by appellant. Laws 1907, chap. 83, sec. 127; Bank of Commerce v. Baird Mining Co., 13 N. M. 424; Shutt Imp. Co. v. Erwin, Kan., 71 Pac. 521; 1 Daniel Neg. Inst., 4 ed., secs. 479, 480.

Instrument sued on was not negotiable. Laws 1907, chap. 83, sec. 1, sub-sec. 2; Berenson v. London & Lancashire Fire Ins. Co., Mass., 87 N. E. 687; White v. Cushing, Me., 34 Atl. 164.

J. B. ATKESON for Appellee.

Where the name and the printed seal of an insurance corporation appear on a draft, drawn by one in his own name, followed by the word "special," and who is described in the instrument as "special agent," no formal written or printed signature of the company is necessary to bind it. Laws 1907, chapter 83, section 130; Ogden Neg. Inst. 33, 44; Lampkin v. State, 105 Ala. 1, 16 So. 595; Irvin v. Sterns, 26 Ga. 223, 71 Am. Dec. 204; Dow Law Bank v. Godfrey, 126 Mich. 521, 85 N. W. 1075; 86 Am. St. Rep. 559; Eaton & Gilbert on Com. Paper 91, 226; Hasey v. White Pigeon Beet Sugar Co., 1 Doug., Mich. 193; Marion & M. R. Co. v. Hodge, 9 Ind. 163; Baker v. Chambles, 4 Greene, 6 Iowa 428; Hitchcock v. Buchanan, 105 U. S. 416; Post v. Pearson, 108 U. S. 416; Falk v. Moeds, 127 U. S. 702; 4 A. & E. Enc. 11; Western Min. Co. v. Toole, 11 Pac. 119.

The agent's authority will be presumed. Eaton & Gilbert on Com. Paper 138; Cred. Co. v. Howe Mach. Co., 54 Conn. 357, 1 Am. St. Rep. 123; Walker v. Detroit Transit R. Co., 47 Mich. 338, 11 N. W. 187; Great Western Tel. Co., Fed. Cas. 5, 740, 5 Biss. 363; Luna v. Mohr, 3 N. M. 63; Hypes v. Griffin, 89 Ill. 134; Mechanics Bank of Alexandria v. Bank of Columbia, 5 Wheat. 326; Baldwin v. Bank of Newbury, 1 Wall. 234.

Where, in a bill of exchange, or a draft, the drawer and drawee are one and the same person, acceptance is not necessary to bind party. Eaton & Gilbert on Com. Paper 226; Marion & M. R. C. v. Hodge, 9 Ind. 163; Holsworth

v. Hunter, 10 B. & C., Eng. 449, 21 E. C. L., Eng. 110; Witte v. Williams, 8 S. C. 290, 28 A. Rep. 294; Hasey v. White Pigeon Beet Sugar Co., 1 Doug., Mich. 193; Laws 1907, chapter 83, section 130.

A bill of exchange, draft or promissory note wherein an amount certain is to be paid at a definite time, is negotiable, unless it is stated clearly thereon that the same is payable only upon some contingency. Eaton & Gilbert on Com. Paper, 162; Laws, 1907, chapter 83, section 1; Ferress v. Tavel, 11 S. W. 93, 3 L. R. A. 414; Siegel v. Chicago Trust and Savings Bank, 23 N. E. 417, 7 L. R. A. 537; Miller v. Ottaway, 45 N. W. 655, 8 L. R. A. 428.

Evidence was admissible to show the real party to be bound. Eaton & Gilbert on Com. Paper 93; Hardy v. Pilcher, 57 Miss. 18, 34 Am. Rep. 433; Haile v. Pierce, 32 Md. 327, 3 Am. Rep. 139; McClellan v. Reynolds, 49 Mo. 312; Metcalf v. Williams, 104 U. S. 93; Kline v. Bank of Tescott, 50 Kan. 91, 31 Pac. 688; Benham v. Smith, 53 Kan. 495, 36 Pac. 997; Fullerton v. Hill, 48 Kan. 558, 29 Pac. 583; Mechanics Bank of Alexandria v. Bank of Columbia, 5 Wheat. 326.

Where a demurrer is interposed to a complaint, it admits all the facts stated therein, which are well pleaded to be true. Luna v. Mohr, 3 N. M. 63; Bryson v. Lucas, 84 N. C. 286, 37 Am. Rep. 634; Roger Williams Bk. v. Groton Mfg. Co., 16 R. I. 504, 17 Atl. 170; Pa. Mutual Life Ins. Co. v. Conoughy, 54 Neb. 124, 74 N. W. 422; Peterson v. Honan, 44 Minn. 166, 46 N. W. 303, 20 Am. St. Rep. 564; Hypes v. Griffin, 89 Ill. 134; Mechanics Bank v. Bank of Columbia, 5 Wheat. 326; Baldwin v. Bank of Newbury, 1 Wall. 234; Bank of Commerce v. Baird Min. Co., Lim., 13 N. M. 424; Shutt Imp. Co. et al v. Erwin et al, Kas., 71 Pac. 521; Webster v. Wray, 56 Am. Rep. 754; Dan. Neg. Inst., 4 ed., secs. 409, 479, 480; Berenson v. London & Lan. Fire Ins. Co., 87 N. E. 687; White v. Bushing, 34 Atl. 164.

## STATEMENT OF FACTS.

The appellee, hereinafter styled the plaintiff, brought suit against the appellant, hereinafter styled the defendant, to recover on a draft for nine hundred dollars. The second paragraph of the plaintiff's complaint is as follows, to-wit: "That on the 5th day of July, 1910, the defendant's special agent, Chas. Quitzow, for and on behalf of the defendant, and at the special instance and request of the defendant, as the act of the defendant, and while in the discharge of his duty as such special agent, according to the usage and custom of defendant made, executed and delivered a sight draft in writing, as such special agent and as the act of defendant, payable to the order of Amy Henry by defendant in the city of New York, in the sum of nine hundred and no-100 dollars ($900.00,) with a receipt attached, it being a part of the said draft, and attached to the said draft, with a copy of the corporation seal printed thereon, a copy of which said draft is in words and figures as follows, to-wit: $900.00. Los Angeles, Cal., July 5, 1910. The Home Insurance Company, New York. Pay to the order of Amy Henry, Nine Hundred and no-100 Dollars, being in full for loss and damage by fire under policy No. 536 of Artesia, New Mexico Agency as per receipt hereto attached. Chas. Quitzow, spc. Endorsed on back: 'Amy Henry.' 'This draft will not be paid if detached from receipt herein referred to.' 'The Home Insurance Company, New York. $900.00. Los Angeles, Cal., July 5, 1910. Received of Chas. Quitzow, Spc. Agent, a Sight Draft on The Home Insurance Company, New York, for the sum of Nine Hundred and no-100 Dollars which when paid will be in full of all claims and demands for loss and damage by fire on the 23rd day of May, 1910, to the property insured by Policy No. 536 issued at the Artesia, New Mexico, Agency of said Company, and in consideration of said payment the policy is hereby cancelled and surrendered to said Company. Amount of claim, $900.00. Interest, $———. Draft, $900.00. Amy Henry.' 'Duplicate of this receipt has been indorsed on the policy and signed by all parties in interest. Chas. Quitzow, Agent.'"

Then follow allegations of the transfer of the draft to the plaintiff for valuable consideration, to-wit, the sum of Nine Hundred Dollars; that the same was presented to the defendant in the City of New York and demand for payment made, payment refused, and draft protested; and is still due and unpaid and a prayer for a judgment. To this complaint the defendant interposed a demurrer on the ground that the complaint did not state facts sufficient to constitute a ground of action. The demurrer was overruled, the defendant refused to plead further, and elected to stand on the demurrer. Thereafter, upon a hearing, judgment was rendered in favor of the plaintiff for the amount of the draft and costs.

## OPINION.

MECHEM, J—This court adopts the opinion delivered by the judge of the lower court in overruling the demurrer, which is as follows, to-wit: "The demurrer to the complaint is overruled. While under the provisions of the Negotiable Instrument Act an acceptance is necessary to bind the drawee on a draft, where the drawer and drawee are the same persons, it is expressly provided by Sec. 130 of that act that a draft may be treated as a promissory note, and thus requiring no acceptance. The same principle of law is stated generally in 7 Cyc. 759. The allegations of the complaint of the present case make the drawer the agent of the insurance company, fully authorized to make the draft. This, under very respectable authority, makes it a case where the drawer and the drawee are the same. As is stated in Gray Tie Co v. Farmers' Bank, 60 S. W. 537, 'a draft drawn by an agent on his principal by authority of the principal is equivalent to a draft drawn by the principal upon himself and need not be accepted by the drawee in order to bind it.' "

One question was not presented to the court below, nor passed upon by him in overruling the demurrer, and is now assigned as error, and it is that the instrument sued

on was without consideration. This, however, is disposed of by Section 12, Chapter 62, Laws of 1901, which reads as follows: "Every contract in writing hereinafter made shall import a consideration in the same manner and as fully as sealed instruments have heretofore done." So that for the purpose of the demurrer the instrument sued on sufficiently implied a consideration. For the reasons above stated the judgment of the lower court is affirmed, and it is so ordered.

### SYLLABUS (BY THE COURT).

