354 P.2d 1114

Delbert L. MAY and Vera Faye May, Plaintiffs-Appellees,

v.

G. D. WALTERS, Defendant-Appellant.

No. 6683.

Supreme Court of New Mexico.

Aug. 31, 1960.

W. C. Whatley, Raymond E. Riordan, Las Cruces, for appellant.

Dan Sosa, Jr., Glenn B. Neumeyer, Las Cruces, for appellees.

CHAVEZ, Justice.

Appellees, plaintiffs below, filed suit for damages against appellant, defendant below. From a judgment for appellees, in conformity with a jury verdict, this appeal is taken.

The facts are substantially as follows. On January 17, 1953, Josie Miller leased to appellant certain premises in Las Cruces, New Mexico, for five years, i. e., to and until January 31, 1958, at a rental of $50 per month, payable in advance on the first

day of each month, and with a sixty-day grace provision within which to pay said rental. The lease is assignable and provides that it may be extended for a period not in excess of thirty-five years, at the option of appellant. Said option had to be exercised at least sixty days prior to the expiration of the original term. The lessor, Miller, agreed to pay all taxes and assessments against said property and improvements, and to keep the improvements insured against fire loss to the extent of $7,000.

On January 17, 1955, appellant and appellees entered into a "Contract for Assignment," wherein appellant assigned the lease to appellees. In the contract for assignment appellees, in order to exercise the option to extend the lease, had to give appellant ninety-days' notice in writing prior to January 31, 1958. In consideration of said contract for assignment, appellees agreed to execute their promissory note for $2,000, bearing interest at six percent per annum, and further agreed to pay to appellant the monthly rental of $50 per month on or before the first day of each month thereafter, without any grace period. Appellant agreed to continue to pay to Josie Miller the $50 per month as required by the original lease. The contract for assignment provides that at such time as appellees paid to appellant the full amount of the note, including interest, charges and fees, then appellees could take over the lease and premises in their

entirety without further supervision by appellant.

Appellees executed the $2,000 promissory note on June 17, 1955, bearing interest at six percent per annum and maturity date of November 3, 1955. On January 7, 1957, appellant wrote the following letter to appellee from Farmington, New Mexico:

"Today, I had my attorney go over our contract, and your note to me for $2000.00. You will find his opinion attached.

"However, as per our telephone conversation of last week, I had intended the note to fall due 18 months after your signing, which would have made the date November 3, 1956, instead of November 3, 1955

"I am herewith presenting two options:

"(1) Pay $2000.00 with accumulated interest to date by January 31, 1957, wherein I will release the property to you in full, or

"(2) Pay $176.66 on Jan. 31, 1957 and an equal amount on the last day of each month following until (12) twelve such equal payments have been made, and no such payment to be made later than Jan. 31, 1958. Plus $50.00 per month rent to be paid on the 17th day of each month and in consecutive

order as called for in our contract. The quarterly interest payments can be dropped as the $176.66 per month covers interest on your loan.

"I expect you to comply with either of these two options immediately, or I will be forced to file suit for collection.

"All payments will be made to Farmers and Merchants Bank, and placed in my account."

Thereafter, on October 29, 1957, appellee, May, wrote appellant:

"This is to inform you that I would like to exercise the option on lease as per current contract. I would like the terms to remain the same. The rentals to remain payable fifty ($50.00) dollars monthly, not to exceed a period of sixty (60) days for each payment, for a period of 35 years commencing 1 February, 1958 as outlined in option of lease Indenture. It is understood and agreed that on the completion of my obligation to you as per contract that option will be renewed in its entirety between Josie Miller, property owner, and Delbert L. May and Vera Fay May."

On November 4, 1957, appellant wrote the following letter to appellee:

"To clear the record, you owe $1589.-94 on your note buying the lease from me, and you owe $350.00 rent for 1957.

Both of these total $1939.94. When this total of $1939.94 is paid to Farmers and Merchants for my account you will be free to exercise your option for the next 35 year lease.

"You will also please note that your rent will be paid until December 31, 1957 and on Jan. 1, 1958 you will owe Mrs. Miller $50.00 rent for January and $50.00 rent every month thereafter.

"If your collections don't cover this necessary balance, I would advise that you go into Farmers and Merchants and borrow enough against your business and your new lease to pay off the balance. The lease has value in itself, as well as your accounts payable to you.

"I am quite anxious to see you clear this matter. The balance to me is an important fact, but I also want to have the lease renewal exercised well in advance of the deadline."

On December 7, 1957, one of the buildings on the leased premises was damaged by fire. May paid the promissory note in full on December 12, 1957, and on the same day appellant wrote May, thanking him for the final payment on the note and returned said note marked "Paid in full" together with all papers pertaining to the property. Appellant also stated in said letter:

"You should take these to a good lawyer as soon as possible and have him to send Mrs. Miller a letter that

you are taking up the lease for the next 35 years as per the agreement with Dr. Walters."

On December 13 or 17, 1957, Mrs. Miller received a letter from appellee, May, enclosing a lease for her to sign, but she did not sign it. Josie Miller never received any request to renew the lease until appellees sent the renewal lease on December 13 or 17, 1957. Appellant did not notify Mrs. Miller that appellees wanted to renew the lease, claiming appellees were in default.

In March, 1958, Josie Miller sold the property involved in the lease to appellant.

Appellant relies on four points for a reversal:

(1) That there was no obligation on appellant's part to give notice to Josie Miller of appellees' election to renew the lease, but that said obligation was on appellees, and that the court erred in submitting that question to the jury.

(2) That appellees had no right to exercise the option to renew the lease because they were in default in the rental payments, and that the court erred in submitting such question to the jury.

(3) That the January 7, 1957, letter was not a contract nor an offer of a contract, nor did it operate to change the provisions of the original lease.

(4) That the trial court's instruction number 8 was erroneous.

The trial court permitted appellees to amend their complaint, based on appellant's letter of January 7, 1957, offering appellees two options. Appellees contend that they had accepted option number two, that full payments had been made pursuant thereto, and that none of said payments had been made later than January 31, 1958. Appellees also claim that on December 1, 1957, appellees were not in default.

Appellant contends that the contract for assignment was in fact an assignment of the lease contract, without reserving any reversionary interests. However, appellant's entire estate did not pass upon the execution of the contract of assignment, and under the terms thereof, the intention of the parties is plain that appellees could not take over the lease and premises in their entirety, without further supervision by appellant, until appellees had paid the full amount of the note, and all interest and charges in connection therewith. Appellees were to pay the rentals to appellant and Mrs. Miller did not know of appellant's contract of assignment until December 1957. Under the evidence, the contract of assignment was a sublease and not an assignment of the lease contract.

It is settled in this and other jurisdictions that if the lessee conveys the entire term and thereby parts with all reversionary interests in the property, the transaction is construed to be an assignment. However,

if the tenant (appellant), by the terms, conditions or limitations in the instrument, does not part with the entire term granted him by the landlord, so that there remains a reversionary interest, however small, it is a sublease. Hobbs v. Cawley, 35 N.M. 413, 299 P. 1073; see also De Baca v. Fidel, 61 N.M. 181, 297 P.2d 322.

■ Under point II, appellant argues that appellees were in default at the time the option was to be exercised and, being in default, they had no right to renew the lease. Appellant requested the trial court to instruct the jury that if appellees were in default in the payment of the rentals and the note, that they should find for appellant. The trial court instructed the jury on the principle of substantial performance and appellant was not prejudiced thereby. The question of default was no defense in determining appellant's right to exercise his option. See 172 A.L.R. 1439, § IV 1, 2; Darling Shop of Birmingham v. Nelson Realty Co., 255 Ala. 586, 52 So.2d 211.

■ The question of whether appellees were in default was controverted. There was a conflict of evidence upon this issue and the trial court, under proper instruction, presented the question to the jury. Appellant's requested instructions were properly refused, as they would have instructed the jury as a matter of law that appellees were in default. Turrietta v. Wyche, 54 N.M. 5, 212 P.2d 1041, 15 A.L.R.2d 407; Chandler v. Battenfield, 55 N.M. 361, 233 P.2d 1047.

The next point tendered is that the letter of January 7, 1957, was not a contract or an offer of a contract, and that it did not modify the original lease or contract of assignment, and that the instruction given by the trial court as to said letter injected into the case a false issue. Appellant urges that there was no consideration paid for said letter.

■ Appellant's contentions are erroneous. The $2,000 promissory note was a consideration for the contract of assignment and there is substantial support in the evidence that the date when the note became due was erroneous and should have been November 3, 1956, and not November 3, 1955. Whether the letter of January 7, 1957, modified the method of payment and time of payment was in issue and properly submitted to the jury. Cole v. Casabonne, 39 N.M. 171, 42 P.2d 1115.

■ As to appellant's contention of the lack of consideration of the letter of January 7, 1957, it is sufficient to say that said letter referred to the time of payment of the rental and the promissory note, and the trial court, at appellant's request, so instructed the jury. Every contract in writing imports a consideration; § 20-2-8, N.M.S.A., 1953; First National Bank of Artesia v. Home Ins. Co., 16 N.M. 66, 113 P. 815.

Finally, appellant contends that the trial court committed error in giving its instruction number 8, as follows:

"You are instructed that if you find the contract between G. D. Walters and Delbert and Vera Faye May is susceptible of more than one meaning, the rule of construction you might use is as follows: A contract is construed strictly against the person who prepared it and favorably to the person who had no voice in the selection of the language used; and, it is presumed that one using words uses those most favorable to his interests and therefore all words or phrases susceptible to more that one meaning will be construed against him."

Appellant argues: (1) That the contract of assignment is not ambiguous; (2) that there was no evidence that it was ambiguous; and (3) that the question of ambiguity was a question of law for the court to decide.

The evidence discloses that there was a conflict as to who was to give the notice to extend the lease. The original lease provided that it could be extended for thirty-five years at appellant's option, provided the option was exercised at least sixty days prior to the expiration date. Under the contract of assignment, if appellees desired to exercise the option, they had to give notice in writing to appellant at least ninety days prior to the expiration date. As previously noted, appellant contended that there was no obligation on his part to give Miller notice under either of the contracts. Nevertheless, there is evidence that appellant was to give notice and that the ninety-days notice provided in the contract of assignment was made so that appellant would have thirty-days time to give notice to Mrs. Miller. Also, as hereinbefore set out, although the promissory note, on its face, shows the maturity date to be November 3, 1955, appellant himself testified that it was intended that it should become due on November 3, 1956. Thus, under the evidence, the trial court, in its instruction, properly submitted this question to the jury. Crecente v. Vernier, 53 N.M. 188, 204 P.2d 785. See also East & West Ins. Co. of New Haven, Conn. v. Fidel, 10 Cir., 49 F.2d 35.

Finding no error in the record, the judgment of the district court is affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY and MOISE, JJ., concur.

NOBLE, J., not participating.