440 P.2d 133

**CILLESSEN BROS. CONSTRUCTION CO., Inc., Plaintiff-Appellant,**

v.

**FRANK PAXTON LUMBER COMPANY, Inc., Defendant-Appellee.**

No. 8530.

Supreme Court of New Mexico.

April 29, 1968.

W. A. Keleher, T. B. Keleher, Michael L. Keleher, Albuquerque, for plaintiff-appellant.

Grantham, Spann, Sanchez & Rager, Albuquerque, for defendant-appellee.

OPINION

COMPTON, Justice.

This is an appeal from a summary judgment dismissing the appellant's cause of action. The following appears from the pleadings and the deposition of G. H. Cillessen, secretary-treasurer and chief estimator of Cillessen Bros. Construction Co., Inc.

G. H. Cillessen, in preparing a bid for the prime contract for construction of a

Socorro school building, telephoned Frank Paxton Lumber Company, Inc. inviting it to bid on supplying certain doors required in the specifications for the school building.

Within a day or two thereafter, on September 21, 1966, Cillessen Bros. received the following letter from Paxton Lumber quoting prices on the doors:

"September 21, 1966

Cillessen Bros. Construction, Inc.
3316 Girard N.E.
Albuquerque, New Mexico

Gentlemen:

We are pleased to quote the doors needed for the Socorro School as follows:—

| | | |
|---|---|---|
| 12 – 3/0 x 7/0 1–¾" | Solid Core Birch Doors w/1 – 3-lite 6" x 60" glass insert installed each | $29.90 |
| 2 – 2/6 x 7/0 1–¾" | Solid Core Birch Doors each | 19.60 |

Alternate bid—

| | | |
|---|---|---|
| 4 – 3/0 x 7/0 1–¾" | Solid Core Birch Doors w/1 3-lite 6" x 60" glass insert installed each | $29.90 |

Please note the insert is 6" x 60" instead of the 6" x 68" as specified. The mill refused to enlarge the door, claiming it would weaken it too much.

As per your delivery specifications, 60 days or less.

Thank you for the privilege of quoting.

Very truly yours,

FRANK PAXTON LUMBER CO., INC.

    s/  C. E. Dunbar
        C. E. Dunbar, Manager"

Without further communications between the parties, on September 23, 1966, Cillessen Bros. incorporated the Paxton Lumber price quotation in its bid for the prime contract, and the prime contract was awarded to Cillessen Bros. on the same day.

Subsequently, Beverly Morris, the assistant secretary of Cillessen Bros., telephoned the office of Paxton Lumber and informed an unidentified person at that office that a purchase order for the doors had been drafted and that Cillessen Bros. would appreciate it if someone from Paxton Lumber would pick up the order and sign it. Thereafter, Paxton Lumber notified Beverly Morris that they were not in a position to supply the type door specified and the purchase order was never signed by Paxton Lumber. There were further negotiations between G. H. Cillessen and a Mr. Dunbar of Paxton Lumber whereby Paxton Lumber offered to supply other types of doors but no agreement was ever reached. Cillessen Bros. then purchased

doors from another supplier and brought this action against Paxton Lumber for the price difference.

In considering a motion for summary judgment for the defendant the evidence must be considered in its most favorable aspect in favor of the plaintiff, and if there is any doubt as to the facts, summary judgment should be resolved against the moving party. Jones v. Gibberd, 77 N.M. 222, 421 P.2d 436; Gallegos v. Wallace, 74 N.M. 760, 398 P.2d 982; Hewitt-Robins, Inc., etc. v. Lea County Sand & Gravel, Inc., 70 N.M. 144, 371 P.2d 795; Sooner Pipe & Supply Corp. v. Doerrie, 69 N.M. 78, 364 P.2d 138; Michelson v. House, 54 N.M. 197, 218 P.2d 861; Agnew v. Libby, 53 N.M. 56, 201 P.2d 775.

Tested by the foregoing rule, there is a question of fact whether appellee's letter constituted an unconditional offer to supply the specified doors requested by the appellant. Also there is a question of fact whether the telephone call by Beverly Morris to Paxton Lumber advising it that a purchase order had been drafted pursuant to its offer constituted an unconditional acceptance of appellee's offer. We think the questions raise submissible issues of fact precluding summary judgment. The following authorities, although not involving summary judgment, relate to the acceptance of offers in cases analogous to that with which we are here concerned. Tatsch v. Hamilton-Erickson Manufacturing Co., 76 N.M. 729, 418 P.2d 187; Polhamus v. Roberts, 50 N.M. 236, 175 P.2d 196, 170 A.L.R. 991; James Baird Co. v. Gimbel Bros., Inc., 64 F.2d 344 (2d Cir. 1933); Restatement of Contracts, § 58.

The order granting summary judgment is reversed and remanded with directions to proceed in a manner not inconsistent herewith.

It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.