461 P.2d 415

**Frank SPEARS, d/b/a Seven Springs Sinclair, Plaintiff-Appellant,**

v.

**CANON de CARNUE LAND GRANT, Defendant-Appellee.**

**No. 8878.**

Supreme Court of New Mexico.

Nov. 24, 1969.

John B. Speer, Albuquerque, for appellant.

M. J. Clayburgh, Albuquerque, for appellee.

## OPINION

TACKETT, Justice.

This action was commenced in the District Court of Bernalillo County, New Mexico, for a declaratory judgment and return of alleged rent overpayments. Summary judgment was granted for defendant. Plaintiff appeals.

Plaintiff alleged that he was assignee of a lease on property within the Canon de Carnue Land Grant. The original lease dated October 1, 1959, was between defendant and parties by the name of Giannini, who were made parties to this action but who failed to file any responsive pleadings. Gianninis sold and transferred their interest in the lease to plaintiff.

The lease provided for a rental of $200 per month, with a further provision that:

"The lessor hereby grants to the lessee [Giannini] the privilege of selling said lease or of subletting the premises or any portion thereof. In the event that the lessee shall lease the premises, or any portion thereof, the amount of the rent-

al shall be increased to Three Hundred and no/100 ($300.00) Dollars per month."

The Gianninis' contract of conveyance to Spears dated August 15, 1967, put Spears in possession of the premises for the remainder of the term of the lease, which ran until November 1, 1991.

The record reveals that Spears paid the $300 per month increased rental for a period of eleven months without protest.

The question before this court is whether the granting of summary judgment in favor of appellee by the trial court was proper. We hold that it was. De Baca v. Fidel, 61 N.M. 181, 297 P.2d 322 (1956).

■ Appellant contends there was an assignment of the lease which did not operate to increase the rental payments under the above quoted lease provision. Appellee argues the transaction was a sublease. It matters not in this case whether the contract of conveyance between Gianninis and appellant was an assignment, sublease or sale, as the effect of the conveyance was a sublease. The record reveals there was a divesting of possession by Gianninis and assumption of possession by appellant, and appellant agreed to assume in every respect all of the terms and conditions of the original lease between appellee and Gianninis. Gianninis retained the right to terminate the agreement with appellant, in the event of nonpayment.

■ It is settled in this jurisdiction that if a lessee conveys the entire term, and thereby parts with all reversionary interests in the property, the transaction is construed to be an assignment. However, if the tenant, by the terms, conditions or limitations in the instrument, does not part with the entire term granted him by the landlord so that there remains a reversionary interest, however small, it is a sublease. May v. Walters, 67 N.M. 297, 354 P.2d 1114 (1960), citing Hobbs v. Cawley, 35 N.M. 413, 299 P. 1073 (1931); De Baca v. Fidel, supra.

Appellant contends that by their contract with Spears, the Gianninis retained no reversionary interest but only a right of re-entry upon condition broken, and indeed we do quote language in Hobbs v. Cawley, supra, which would make this distinction in cases between the transferee and the original landlord, as in the case here. However, in May v. Walters, supra, the purported assignment only contained a withholding of rights until the consideration for the assignment was paid, and we held the agreement was a sublease. There, although the action was against the transferor, he was attempting to enforce rights acquired from the original landlord, and our holding in May v. Walters, supra, is controlling here.

■ Summary judgment cannot be a substitute for trial on the merits, and it shall not be used where there is the slightest doubt as to the facts. Shumate v. Hillis, 80 N.M. 308, 454 P.2d 965 (1969). The moving party is entitled to summary judgment when the pleadings, depositions and admissions, together with the affidavits, show there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Martin v. Board of Education of City of Albuquerque, 79 N.M. 636, 447 P.2d 516 (1968), and cases therein cited; Rule 56(c), Rules of Civil Procedure (§ 21–1–1(56) (c), N.M. S.A., 1953 Comp.).

■ Plaintiff has a duty, when faced by a motion for summary judgment, to show the court that a material or genuine issue of fact is present. Srader v. Pecos Construction Company, Inc., 71 N.M. 320, 378 P.2d 364 (1963); Taylor v. Alston, 79 N.M. 643, 447 P.2d 523 (Ct.App. 1968). See also, Brazell v. Save-On Drug, Inc., 79 N.M. 716, 449 P.2d 86 (Ct.App. 1968). Compare Electric Supply Co., Inc. v. United States Fidelity & Guaranty Co., 79 N.M. 722, 449 P.2d 324 (1969). This plaintiff-appellant did not do, as the basic facts are admitted by the parties and the only problem is one of construction of the instru-

ment. Harris v. Four Hills Development Corporation, 79 N.M. 370, 443 P.2d 863 (1968).

 Mere argument or contention of existence of material issue of fact, as in the instant case, does not make it so. Wisehart v. Mountain States Telephone & Telegraph Co., 80 N.M. 251, 453 P.2d 771 (Ct. App.1969). The party opposing a motion for summary judgment cannot defeat the motion and require a trial by the bare contention that an issue of fact exists, but must show that evidence is available which would justify a trial of the issue. Aktien-

gesellschaft, Etc. v. Lawrence Walker Cotton Co., 60 N.M. 154, 288 P.2d 691 (1955); see Felt v. Ronson Art Metal Works, 107 F.Supp. 84 (D.C.Minn. 1952); 3 Barron and Holtzoff, Federal Practice and Procedure, § 1235 at 141. Appellant failed in this important aspect.

From what we have here said, appellee is entitled to the $300 per month increased rental and summary judgment was proper.

The decision of the trial court is affirmed. It is so ordered.

COMPTON and WATSON, JJ., concur.