465 P.2d 288

In the Matter of the ESTATE of Warren M. SNYDER, Deceased, Reba Snyder, Executrix.

Francis B. MACATEE, Plaintiff-Appellant,

v.

Reba SNYDER, Executrix of the Estate of Warren M. Snyder, Deceased, Reba Snyder, Individually, Larry Squires, Francis B. Macatee and Warren John Macatee, Defendants-Appellees.

No. 8881.

Supreme Court of New Mexico.

Feb. 16, 1970.

**232**

Williams, Johnson, Houston & Reagan, Hobbs, for appellant.

Neal & Neal, Lowell Stout, Hobbs, for appellees.

## OPINION

COMPTON, Justice.

This is an appeal from summary judgment dismissing appellant's petition for the revocation, after probate, of the last will and testament and codicil of Warren M. Snyder, deceased.

The cause originated in the Probate Court of Lea County. The appellant alleged in his petition that the testator, Warren M. Snyder, at the time of making his will and codicil, was mentally incapacitated due to extreme old age and protracted illness, and, further, that he executed the will under coercion exercised by Reba Snyder, his widow, or by Larry Squires, her son by a former marriage. Issue was joined and following a hearing on the merits, the probate court held that the appellant had failed to establish the allegations of his petition and dismissed his petition. Thereupon, the cause was appealed to the district court where it was set for trial on the merits.

At this stage of the proceedings both parties moved for summary judgment. The appellant's motion was denied and appellees' motion, based on the pleadings, depositions and affidavits, was granted, and this appeal followed. This court has consistently held that all reasonable inferences are to be resolved in favor of a trial of factual issues and if there is the slightest doubt as to material factual issues, summary judgment should be denied. Spears v. Canon de Carnue Land Grant, 80 N.M. 766, 461 P.2d 415; Great Western Construction Co. v. N. C. Ribble Co., 77 N.M. 725, 427 P.2d 246; Jones v. Gibberd, 77 N.M. 222, 421 P.2d 436; Sooner Pipe & Supply Corp. v. Doerrie, 69 N.M. 78, 364 P.2d 138; Ginn v. MacAluso, 62 N.M. 375, 310 P.2d 1034.

Appellant contends that there are genuine issues of material fact yet to be determined by the trial court, the mental capacity of the testator to make the will and codicil, and undue influence exercised by appellees. Supporting appellees' motion are affidavits that firmly establish that the testator at the time he executed his last will and testament and codicil was of sound mind and memory and that the same was not the result of undue influence; that while the testator was of advanced age, he was mentally alert and had successfully handled his business affairs for many years both before and after he executed his last will and codicil, thus controverting the allegations of appellant's petition. In this situation it was incumbent upon appellant to show specific facts controverting appellees' motion. This he failed to do; thus, he can no longer rely on the allegations of his complaint as presenting an issue of material fact. Spears v. Canon de Carnue Land Grant, supra; In re Wilson's Estate, 399 P.2d 1008 (Wyo.); Lieuallen v. Northern Utilities Company, 368 P.2d 949 (Wyo.).

Appellant presents no direct evidence to support his contentions, but bases his case on evidence that testator had great love and affection for appellant and his mother;

that the codicil substantially reduced and limited his bequest to an estate for life, after which it passed to appellant's son; that the testator suffered from heart attacks, fainting spells and eye trouble; that he took sedatives prescribed for his condition which caused drowsiness and loss of initiative; that appellees had opportunities and did unduly influence testator in other instances; that appellee, Reba Snyder, was headstrong and demanding; that her son, Larry Squires, a veterinarian, had knowledge of and access to drugs which would unduly influence testator's judgment. But there is no evidence of drugs having been administered to the testator by him. Appellant admitted that he had no proof that the testator was mentally incompetent when he executed the will and codicil. The testator and Mrs. Snyder were married for five and one-half years prior to the execution of the will and eleven years prior to the execution of the codicil. There is no evidence that either Mrs. Snyder or Mr. Squires made any suggestions concerning the will, or even knew of the contents of either the will or the codicil until after their execution. The testator also lived ten years after the execution of the will and more than four years after the execution of the codicil. There is no evidence whatever which supports the contention that a genuine issue of material fact exists concerning the testamentary capacity of the testator or his free and voluntary execution of the will and codicil.

When considered in its most favorable aspect, the evidence is insufficient to raise a reasonable inference that the testator was mentally incapacitated when he made his last will and codicil or that he was unduly influenced by appellees to do so. Compare McElhinney v. Kelly, 67 N.M. 399, 356 P.2d 113. The case of Galvan v. Miller, 79 N.M. 540, 445 P.2d 961, relied on by appellant, is distinguishable on the facts.

Summary judgment should be affirmed.

It is so ordered.

WATSON and SISK, JJ., concur.