465 P.2d 284

BARBER'S SUPER MARKETS, INC., a New Mexico Corporation, Plaintiff-Appellant,

v.

Robert L. STRYKER, Stryker Realty Inc., I. E. Shahan, Wendel Owen and Owen & Associates, Inc., Defendants-Appellees.

No. 8852.

Supreme Court of New Mexico.

Feb. 20, 1970.

**228**

Adams & Foley, Albuquerque, for appellant.

T. K. Campbell, Las Cruces, for appellees.

## OPINION

COMPTON, Justice.

The plaintiff, Barber's Super Markets, Inc., appeals from summary judgment granted the defendants, I. E. Shahan, Wendel Owen, and Owen & Associates, Inc. The motion was based upon the pleadings and depositions. The record does not disclose the disposition, if any, made of the issues concerning the defendants, Robert L. Stryker and Stryker Realty, Inc. However, the order here appealed was entered and made final in accord with Rule 54(b) (§ 21-1-1(54) (b), N.M.S.A.1953).

The action is for equitable relief. Plaintiff alleges fraudulent conspiracy and breach of fiduciary duty by the named defendants acting in concert with Stryker Realty, Inc., and Robert L. Stryker, individually, in the purchase by appellant of land for a super market. The plaintiff purchased the property for $275,000.00 and alleges that the defendants while acting as its agent made a secret profit of $125,000.00 from the sale of the property to the plaintiff.

The evidence discloses that appellant through J. C. Horn, its president, engaged Stryker Realty, Inc. to negotiate for the property in question. Wanda Hyatt, agent and saleswoman for Stryker Realty, Inc., began negotiations in April, 1967, with Horn who was interested in purchasing a portion of the particular tract involved for a super market. Horn instructed her to ascertain the price of the tract and other pertinent information. There was considerable correspondence and numerous phone calls passed between them concerning the size of the tract the owner was willing to sell, the price of the tract, questions of zoning, paving, curbs, gutters, etc. The owner of the tract was a Mrs. Chisholm, whose name was not then disclosed to appellant.

While these negotiations were pending, Shahan, also a licensed real estate salesman with Stryker Realty, Inc., bought the property involved from the owner for a consideration of $150,000.00, taking the title in the name of Owen & Associates, Inc. Owen & Associates, Inc. then sold the property to appellant for $275,000.00. Wendel Owen, a relative of Shahan's wife, is president of Owen & Associates, Inc. and owns 20% of its stock; Shahan owns 80% of its stock through his wholly owned corporation, Cable Capital Corporation.

The witness, Wanda Hyatt, stated in her deposition that she talked with Shahan about Horn's interest in the property in the latter part of April or first part of May. She also stated that subsequently there were conversations between Stryker and Shahan concerning the property and appellant's interest in buying it, from which she was excluded. She stated further that Stryker had specifically instructed her not to contact the owner of the property, Mrs. Chisholm, but to let him deal with her. The witness also testified that Shahan assured her that if he bought it Horn could purchase the property necessary for the super market at the price quoted by her to Horn.

Shahan claims to have terminated his relationship as salesman for Stryker on May 1, 1967. On that date he moved his desk from the office used by all of Stryker's salesmen to a separate office in the same building accessible only through that common office. Neither he nor Stryker surrendered his license for cancellation as required by § 67–24–28(E), N.M.S.A.1953, (1969 Supp.). His license was displayed in the Stryker Realty, Inc. office from October, 1966, to January, 1968. In January, 1968, he moved his license to the office of another broker.

■ A party moving for summary judgment has the burden of establishing that there is no material issue of fact to be determined by the fact finder and that he is entitled to judgment as a matter of law. Spears v. Canon de Carnue Land Grant, 80 N.M. 766, 461 P.2d 415; Great Western Construction Co. v. N. C. Ribble Co., 77 N. M. 725, 427 P.2d 246. The burden is not on the opposing party to prove a prima facie case. Coca v. Arceo, 71 N.M. 186, 376 P.2d 970. A party opposing a motion for summary judgment is entitled to have all reasonable inferences construed in a light most favorable to him. Cillessen Bros. Construction Co. v. Frank Paxton Lumber Co., 79 N.M. 95, 440 P.2d 133. Even where the basic facts are undisputed, if equally logical but conflicting inferences can be drawn from the facts, summary judgment should be denied. Ute Park Summer Homes Ass'n v. Maxwell Land Grant Co., 77 N.M. 730, 427 P.2d 249; Hewitt-Robins, Inc., Robins Conveyers Division v. Lea County Sand & Gravel, Inc., 70 N.M. 144, 371 P.2d 795.

■ In light of the foregoing authority, we think the evidence is sufficient to raise a reasonable inference that Shahan was an employee of Stryker Realty, Inc. at the time he and his associates purchased and sold the property to the plaintiff; that he learned of plaintiff's interest in purchasing the property before his employment with Stryker Realty, Inc. was terminated and used such knowledge for his own benefit; and that Owen & Associates, Inc. was a mere vehicle to carry out Shahan's plan all in violation of the fiduciary duties owed by a broker to his principal. See Iriart v. Johnson, 75 N.M. 745, 411 P.2d 226; Mitchell v. Allison, 54 N.M. 56, 213 P.2d 231; Annot., 3 A.L.R.3d 1119.

Summary judgment should be reversed and the cause remanded with directions to proceed in a manner not inconsistent with this opinion.

It is so ordered.

MOISE, C. J., and TACKETT, J., concur.