491 P.2d 536

**Frank YEARY and Great American Insurance Company, Plaintiffs-Appellants,**

v.

**AZTEC DISCOUNTS, INC., and Eddie Chavez, Defendants-Appellees.**

**No. 665.**

Court of Appeals of New Mexico.

Nov. 19, 1971.

William H. Carpenter, Mercer & Carpenter, Perry Key, Albuquerque, for appellant Frank Yearby.

J. E. Casados, Casados & McBride, Albuquerque, for appellant Great American Insurance Company.

Ranne Miller, Charles A. Pharris, Keleher & McLeod, Albuquerque, for appellees.

## OPINION

COWAN, Judge.

Plaintiff Frank Yeary (called plaintiff here) filed a personal injury action against Aztec Discounts, Inc., Globe Shopping City, Inc., Eddie Chavez, and Great American Insurance Company. The latter, as compensation insurance carrier for the plaintiff's employer, was dismissed as a defendant and joined as a plaintiff. On plaintiffs' motion their complaint was dismissed as to Globe Shopping City, Inc. Answer was by general denial and raised affirmative defenses of contributory negligence and assumption of the risk, as well as others not pertinent to this appeal.

Thereafter, based upon the pleadings and depositions, the court entered a summary judgment in favor of the two remaining defendants and plaintiffs appeal.

We reverse.

Plaintiff was a routeman employed by Pepsi Cola Bottling Company. As part of his duties, he went to the store of defendant Aztec Discounts, Inc., from time to time, to deliver bottled Pepsi Cola and to take away empty bottles and cases. Defendant Eddie Chavez, an employee of Aztec, was in charge of the stockroom where the merchandise was stored. Empty bottles of various brands, unsorted, were in cases stacked between six and eight feet high and three to five stacks deep, along one wall in the Aztec storeroom. There was an aisle approximately thirty inches wide, through which the routemen could enter and pick up bottles. Employees of Aztec were responsible for placing the empty bottles in the storeroom, and ordinarily put different brands of soda bottles and different size bottles in the cases. Plaintiff was the first routeman to arrive at Aztec's store on Monday, August 4, 1969, the day he was injured. The cases

of empty bottles, accumulated over the weekend, were stacked just as Aztec's employees had left them the night before. On the morning of the accident, the plaintiff had sorted out about ten to fifteen cases of empty bottles, and was picking up the last case of a stack when one or more stacks of cases either to his side, to his rear, or both, fell and injured him.

The plaintiff and other routemen had complained to defendant Eddie Chavez and other employees of defendant Aztec prior to the accident of August 4, 1969, because bottles of different sizes and brands were mixed in the same case and it was potentially dangerous to stack them in this manner. Previously, stacks on which plaintiff was working had fallen when he reached up to take a case of bottles from the top of the stack. He was not aware of any other occasion when a stack had fallen without some contact having been made with it. The stacks were not always unstable, and one could not tell by looking at them that they were likely to fall. There was no evidence that the plaintiff knew or should have known of the specific danger involved, i. e., that the stacks might fall without contact. Compare Hinojosa v. Nielson, (Ct.App.), 490 P.2d 1240, decided October 15, 1971. On the morning of the accident, the plaintiff had not worked on the stack or stacks which fell nor had he touched or bumped any stack prior to its falling.

■ The rules set out in Barber's Super Markets, Inc. v. Stryker, 81 N.M. 227, 465 P.2d 284 (1970), are applicable to this case.

"A party moving for summary judgment has the burden of establishing that there is no material issue of fact to be determined by the fact finder and that he is entitled to judgment as a matter of law. Spears v. Canon de Carnue Land Grant, 80 N.M. 766, 461 P.2d 415; Great Western Construction Co. v. N. C. Ribble Co., 77 N.M. 725, 427 P.2d 246. The burden is not on the opposing party to prove a prima facie case. Coca v. Arceo, 71 N.M. 186, 376 P.2d 970. A party opposing a motion for summary judgment is entitled to have all reasonable inferences construed in a light most favorable to him. Cillessen Bros. Construction Co. v. Frank Paxton Lumber Co., 79 N.M. 95, 440 P.2d 133. Even where the basic facts are undisputed, if equally logical but conflicting inferences can be drawn from the facts, summary judgment should be denied. Ute Park Summer Homes Ass'n v. Maxwell Land Grant Co., 77 N.M. 730, 427 P.2d 249; Hewitt-Robins, Inc., Robins Conveyors Division v. Lea County Sand & Gravel, Inc., 70 N.M. 144, 371 P.2d 795."

The last rule, that of conflicting inferences, governs the disposition of this appeal.

■ Negligence, contributory negligence and assumption of the risk are factual matters to be determined by the trier of fact, Stewart v. Barnes, 80 N.M. 102, 451 P.2d 1006 (Ct.App.1969), and summary judgment is not a substitute for trial. Hewitt-Robins, Inc. v. Lea County Sand & Gravel, Inc., supra. All "matters presented and considered by the court must be viewed in the most favorable aspect they will bear in support of the right to a trial on the issues. [Citation omitted] All reasonable inferences must be construed in favor of the party against whom the summary judgment is sought." Ute Park Summer Homes Ass'n v. Maxwell Land Grant Co., supra.

■ In light of the foregoing authority, it follows that, although the basic facts may be undisputed, equally logical but conflicting inferences can be drawn from these facts pertinent to the issues of negligence, contributory negligence and assumption of the risk. The granting of summary judgment was error. Barber's Super Markets, Inc. v. Stryker, supra.

The summary judgment is reversed and the cause remanded with directions to proceed in a manner not inconsistent herewith.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.
WOOD, C. J., not participating.