598 P.2d 1159

**Michael W. FISCHER and Nancy J. Fischer, Plaintiffs-Appellees,**

v.

**Pedro MASCARENAS and Jennie Mascarenas, Defendants-Appellants.**

**No. 12218.**

Supreme Court of New Mexico.

Aug. 23, 1979.

Thomas G. Rice, Las Vegas, for defendants-appellants.

Felker & McFeeley, Randolph B. Felker, Santa Fe, for plaintiffs-appellees.

## OPINION

EASLEY, Justice.

The Fischers (Fischer) sued Mr. and Mrs. Mascarenas (Mascarenas) to enjoin the latter from interfering with real property claimed by Fischer. Mascarenas counterclaimed to quiet title to the property. Mascarenas' counterclaim was dismissed on Fischer's motion for summary judgment, and Mascarenas appeals. We reverse.

We inquire if an affidavit of an attorney stating that he has examined title to the land and has found that Fischer has good title is sufficient to negate an affidavit by Mascarenas that he owns the same land, which is identically described in deeds of the respective parties, so as to entitle Fischer to summary judgment.

Mascarenas has three deeds which he contends give him good title to the land. However, an uncontradicted affidavit of a surveyor states that two of these deeds, executed in 1922, in Mascarenas' chain of title do not describe the property in question or any part of it. The third deed, executed in 1978, contains the same description as Fischer's deed. Both sides claim title from a common predecessor in title, several times removed.

Mascarenas paid taxes on the property for some twenty years. He claims to have "possessed" the property and erected "no trespassing" and "no parking" signs on the property some time prior to the filing of this action.

Fischer introduced an affidavit of an experienced real estate attorney, which states that he examined the records and determined that Fischer has fee simple title. However, instruments showing the full chain of title of the two parties were not introduced into evidence.

Mascarenas relies upon his deed describing the exact property in question, his unequivocal assertion of ownership of the land contained in his affidavit, the payment of taxes, and his "possession" of the land and claims this creates a question of fact as to ownership, precluding summary judgment.

Fischer answers that Mascarenas has admitted that his claim to the land is based on one of the three deeds or on adverse possession. Fischer alleges that, since all of these claims are shown to be defective by the uncontradicted affidavits before the court, summary judgment was proper.

Since the uncontradicted evidence of the survey indicates that the 1922 deeds do not describe the land in question, those deeds cannot be the basis of a valid claim and cannot provide color of title for purposes of adverse possession. *Sanchez v. Garcia*, 72 N.M. 406, 384 P.2d 681 (1963). The 1978 deed describes the correct property and establishes color of title, but the statutory period for adverse possession has not elapsed since the deed was given. § 37–1–22, N.M.S.A.1978.

Mascarenas also argues that summary judgment was not proper because Fischer failed to establish his own title to the property. Fischer responds that the affidavit of the attorney which states the opinion that the land is held by Fischer in fee simple is adequate evidence on this point. Considering the disposition we make of the case, it is not necessary to decide this issue.

Summary judgment, being an extreme remedy to be employed with great caution, cannot be substituted for a trial on the merits as long as one issue of material fact is still present in the case. *Pharmaseal*

Laboratories, Inc. v. Goffe, 90 N.M. 753, 568 P.2d 589 (1977); N.M.R.Civ.P. 56(c), N.M.S. A.1978. The remedy should not be employed where there is the slightest doubt as to the existence of an issue of material fact. *Spears v. Canon de Carnue Land Grant,* 80 N.M. 766, 461 P.2d 415 (1969). Even where the basic facts are undisputed, if equally logical but conflicting inferences can be drawn from the facts, summary judgment should be denied. *Barber's Super Markets, Inc. v. Stryker,* 81 N.M. 227, 465 P.2d 284 (1970); *Ute Park Summer Homes Ass'n v. Maxwell Land Gr. Co.,* 77 N.M. 730, 427 P.2d 249 (1967); *Hewitt-Robins, Inc. v. Lea County Sand & Gravel, Inc.,* 70 N.M. 144, 371 P.2d 795 (1962). *See also United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Exnicious v. United States,* 563 F.2d 418 (10th Cir. 1977).

The deed to Mascarenas conveying this specific property, the payment of taxes, the "possession" by Mascarenas, the presence of a common predecessor in the chain of title of both parties and the other circumstances supporting the Mascarenas claim raise an issue of material fact as to the ownership of the land. Although most of these facts are not disputed, equally logical but conflicting inferences can be drawn, making summary judgment impermissible. *Pharmaseal, supra; Yeary v. Aztec Discounts, Inc.,* 83 N.M. 319, 491 P.2d 536 (Ct. App.1971). The evidence of Fischer, at its best, proves only that he has legal title. It does not rule out an inference that equitable title is in Mascarenas, and does not preclude an inference of mistaken description in the deed to persons in the Mascarenas chain of title from the common predecessor in title of the parties.

We reverse the decision of the trial court and remand the case for trial.

IT IS SO ORDERED.

SOSA, C. J., and FEDERICI, J., concur.