652 P.2d 246

**Richard HUESCHEN and Denise Despres, Petitioners,**

v.

**Richard STALIE and Leslie Stalie and First Escrow, Inc., a New Mexico corporation,**

v.

**Salvadore DANTONI and Olive Dantoni, Respondents.**

**No. 14236.**

Supreme Court of New Mexico.

Sept. 30, 1982.

Bruce P. Moore, Santa Fe, Higgins & Lee, John W. Higgins, Albuquerque, for petitioners.

Pearlman & Diamond, David Pearlman, Albuquerque, Singleton & Roberts-Hohl, Sarah Singleton, Santa Fe, for respondents.

## OPINION

FEDERICI, Justice.

Salvador and Olive Dantoni (Dantoni) sold land to Richard and Leslie Stalie (Stalie) under a real estate contract that prohibited the selling or assigning of the contract without refinancing. A year later, Stalie "leased" the land to Richard Hueschen and Denise Despres (Hueschen/Despres). Dantoni, alleging that in actuality the "lease" was an assignment of the real estate contract, brought an action for breach of contract and foreclosure against Stalie and Hueschen/Despres. Stalie was served with the complaint; however, a default judgment was entered because they failed to answer. Hueschen/Despres answered the complaint, counterclaimed and answered the interrogatories submitted by Dantoni. Thereafter, Dantoni filed a motion for summary judgment. The trial court granted the summary judgment finding that as a matter of law the lease constituted an assignment or sale of the disputed property. Hueschen/Despres applied for and were granted an interlocutory appeal. The Court of Appeals affirmed the trial court. We granted certiorari, and we reverse the Court of Appeals.

The issue on appeal is whether the summary judgment was properly granted.

On June 5, 1979, Dantoni entered into a real estate contract with Stalie for the sale

of property. Section 3 of the contract stated in part that:

> If Purchaser shall hereafter sell or assign their interest to any third party, this Contract must then be refinanced. If refinanced or sold by Purchaser within five (5) years, then Purchaser agree to pay Owners a prepayment penalty of one percent of the then remaning principal balance.

> \* \* \* \* \* \*

> (11) It is further understood and agreed that no assignment of this contract shall be valid unless the same be endorsed hereon and countersigned by the Owner [Dantoni].

On August 7, 1980, Stalie entered into a Lease Agreement with Hueschen/Despres involving the same real estate covered by the Dantoni-Stalie real estate contract. The Lease Agreement was for a two (2) year term with an option to renew "for an additional period of three (3) successive two (2) year terms." The Lease Agreement also gave Hueschen/Despres an option to buy the property which could be exercised anytime during the lease period. If Hueschen/Despres decided to exercise the option, then a condition of such exercising stated:

> In the event that Lessee exercises this option to purchase, said Lessee will tender to Salvador F. Dantoni and Olive H. Dantoni through Security Escrow Corporation the entire remaining sum due and owing by Richard M. Stalie and Leslie H. Stalie, Lessee herein, to the said Salvador F. Dantoni and Olive H. Dantoni under the terms of the Real Estate Contract, plus prepayment penalty, if any, whereupon Security Escrow Corporation will deliver the warranty deed to Lessee.

However, Dantoni asserts that the Lease Agreement was in actuality an assignment of the all Stalie's interest in the real estate to Hueschen/Despres. The lease stated that rent for the premises would be the sum of twenty-four thousand two hundred sixty-four dollars ($24,264.00) to be paid:

TEN THOUSAND DOLLARS ($10,-000.00) upon the date of execution of this Agreement by Lessor and Lessee, and the sum of TWO THOUSAND DOLLARS ($2,000.00) due and payable ninety (90) days from the date of execution hereof plus the sum of FIVE HUNDRED ELEVEN DOLLARS ($511.00) per month. \* \* \*

The Lease Agreement also provided that the Hueschen/Despres will be responsible for all taxes, utilities and damages incurred on the property. Also, Hueschen/Despres could sublet or assign the lease and option without the Lessor's consent.

We recognize that the substance of an instrument, not its form, controls the legal effect of a contract. *Shaeffer v. Kelton,* 95 N.M. 182, 619 P.2d 1226 (1980). It does not matter that the Stalie-Hueschen/Despres agreement is labeled a Lease if the agreement was in reality an assignment or sale of the Stalies' interest under the real estate contract.

A lease is generally regarded as a conveyance or grant of an estate in real property for a limited term with conditions. *State v. Evans,* 346 Mo. 209, 139 S.W.2d 967 (1940); *Holcombe v. Lorino,* 124 Tex. 446, 79 S.W.2d 307 (1935). At the end of the lease period, there is a reversion of the estate back to the grantor. Black's Law Dictionary 800 (rev. 5th ed. 1979). An option to purchase is a contract where the property owner, in exchange for valuable consideration, agrees with another person that the latter shall have the privilege of buying property within a specific time on terms and conditions expressed in the option. 1 S. Williston, A Treatise on the Law of Contracts § 61A (3d ed. 1957). A lease with an option to purchase real estate creates no estate in the lessee beyond his leasehold interest. *Fourth National Bank in Wichita v. Hill,* 181 Kan. 683, 314 P.2d 312 (1957). There is no sale of the property until the option is exercised. *Town & Country Real Estate v. Wales,* 24 Wash. App. 586, 602 P.2d 727 (1979).

An assignment is "[a] transfer or making over to another of the whole of any proper-

ty, real or personal. * * *" Black's Law Dictionary 109 (rev. 5th ed. 1979). New Mexico recognizes that an assignment occurs when no reversionary interest is retained by the assignor. *Spears v. Canon de Carnue Land Grant,* 80 N.M. 766, 461 P.2d 415 (1969); *May v. Walters,* 67 N.M. 297, 354 P.2d 1114 (1960).

The Lease Agreement was for two (2) years giving Hueschen/Despres the option to exercise up to three additional two year extensions. The Lease Agreement also contained an option to purchase which *could be* exercised any time during the lease period. Therefore, there is no sale of the property until the option is exercised and the terms of the option are complied with. If Hueschen/Despres choose not to exercise the option and just lease the property, the last possible day the lease could end is August 6, 1988. At that time, the interest in the property would revert back to Stalie who would still be liable on the real estate contract with the Dantoni which ends June 30, 1999. Therefore, Stalie retains an interest in the property. The Lease Agreement does not violate the Dantoni-Stalie's real estate contract.

However, at trial, Dantoni may be able to prove that although the contract entered into appears to be a "lease", it is in actuality a sale. After reviewing the record, we are unable to make this determination.

The summary judgment in favor of Dantoni is reversed and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

EASLEY, C.J., SOSA, Senior Justice, and PAYNE, J., concur.

RIORDAN, J., not participating.