No. A-CV-11-83

COURT OF APPEALS OF THE NAVAJO NATION

October 21, 1983

Leonard BEGAY, Appellant,

vs.

Betty DENNISON, Appellee.

Appeal heard before Nelson J. McCabe, Chief Justice and Associate Justices Robert B. Walters and Harry Brown.

Irene Toledo, Esq., Crownpoint, Navajo Nation (New Mexico) for Appellant. Wilbert Tsosie, Esq., Shiprock, Navajo Nation (New Mexico) for Apellee.

Pursuant to 7 N.T.C. Sec. 801(b), the Chief Justice found that probable cause was present and granted this appeal in the above-captioned matter. Oral argument was presented to the Court on September 28, 1983, Wherein the Court has found that the matter be remanded to the District Court at Shiprock for further findings consistent with this Order.

I.    BACKGROUND

The issue in front of the Court is the propriety of a summary judgment being issued in the paternity action filed with the Shiprock District Court. It appears from the filed and submitted petitions and related court documents that on December 13, 1982, the Honorable Henry Whitehair found through a "Judgment and Delcaration of Paternity" that Leonard Begay was in fact the natural father of Gina Anna Dennison. In examining the procedural components of the case at bar, the Court takes note of the fact that a summary judgment was utilized by the district court in reaching the legal conclusion of the paternity issue. Moreover, the Motion for Summary Judgment entered and signed by the district court was absent of any supporting memoranda of points and authorities normally required for any motion to be actionable, Rule 7, Rules of Civil Procedure. While Rule 28 of the Rules of Civil Procedure does not mandate any supporting affidavits or memorandum of points and authorities, it is certainly a good practice to have any and all such summary judgment actions to be complete with such legal argument to warrant the court to grant such motions. In essence, therefore the district court while not requiring such supporting documents in allowing such motion to be entered, acted upon this motion without accompanying authority and necessary legal analysis. In addition, it further apears that due to several counsel withdrawing from represen-

ting the legal interests of the defendant, that the answer to the motion for summary judgment was without legal assistance, and that such action of stripping the defendant of filed answers and other such motions pertinent to the paternity action was of such magnitude, that the defendant/appellant was in essence found to be the natural father of the minor child without any conclusive proof or fact finding by the district court.

## II.    Utilization of Summary Judgment

The Court would like to take this opportunity to further spell out the requirements necessary for the Courts of the Navajo Nation to properly utilize the procedural tool of a summary judgment. Rule 28 of the Rules of Civil Procedure covers the role of a summary judgment as used in the Court of the Navajo Nation. In order to make effective and appropriate use of the civil device, a party"... shall file and serve upon opposing party or his counsel at least seven (7) days before the date set for trial. The adverse party shall serve opposing affidavits within two (2) days prior to that date of trial." In addition Rule 28 makes abundantly clear that the burden of proof shall·be set forth as" . . . The judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Emphasis added).

It is hard to envision that an issue such as an action to establish paternity cannot have any "genuine issues as to any material fact" and the moving party in a summary judgment paternity action be entitled to such judgment as a matter of law. The whole concept of paternity is for the court to act as a true fact finder and make substantial conclusions as to the merits of the moving party and to weigh the responses and proffered evidence of the alleged father. It is also extremely clear that when the district court totally ignored the defendant's response and motion for blood tests as being ·"null and void", that the court was circumventing its role as a source of fact finding in such an important matter.

Summary judgment is a procedural device designed to test whether a case should proceed to trial. It does not determine the sufficiency of the pleadings, nor does it determine the sufficiency of the evidence presented at trial. The true purpose of the summary judgment is to determine whether a party can demonstrate, by the use of the affidavits, depositions, or information learned in discovery, that there is a genuine issue of fact in controversy. If a genuine factual issue is found, the summary judgment motion will be denied. If no material issue of fact is shown to be in dispute there is no need for a·trial and the court will enter judgment on behalf of the party who is entitled to win on the basis of the disputed facts.

While the Navajo Courts have adopted and implemented our own Rules of Civil Procedure, the corollary analogy to this procedural question is found in the Federal Rules of Civil Procedure, Rule 56. Such rule is consistent with that found in our rules and the analysis necessary for a court to decide such matter before the trial commences. A summary proceeding is not used to decide an issue of fact, but, rather to determine whether one exists. <u>Pharmaseal Laboratories, Inc.</u>

v. <u>Goffe</u>, 90 N.M. 753, 759 (1979). Such use of a summary judgment is in essence an extreme remedy that should not be employed unless there is not the slightest doubt as to the existence of an issue of material fact. <u>Fischer</u> v. <u>Mascarenas</u>, 93 N.M. 199, 200-201 (1979).

With such analysis in mind, the Court cannot reconcile that such summary judgment was granted when there is clearly such material facts as a paternity action that warrants a full and complete hearing to gather all the pertinent facts and evidence to reach a full and fair result. There were no stipulated agreements reached or similar result which, in the most unique and specific circumstances, would warrant the issuance of a summary judgment in an action to establish paternity of a minor child.

III.

Because of the foregoing discussion and for the need to establish legal facts and conclusions regarding the proper disposition of this matter, IT IS HEREBY ORDERED:

1. This paternity action be remanded to the district court for a full and complete hearing:

2. Counsel will attend a pre-trial conference within thirty (30) days of this Order to decide on the issues to be presented, and the evidence to be submitted. Such material will be written and submitted to the district court;

3. A hearing be held within ninety (90) days of this Order to allow the full presentation of witnesses, evidence and legal argument.

SO ORDERED.