297 P.2d 322

Rosalia Sandoval C. DE BACA, Plaintiff-Appellant,

v.

John FIDEL, Joe Fidel, T. M. Fidel, Rosa S. Nidor, Nazim Joseph Nidor, Continental Bus System, Inc., Transcontinental Bus System, Inc., and Horace P. Vandeventer, d/b/a Yellow Cab Co., Defendants-Appellees.

No. 6040.

Supreme Court of New Mexico.

May 9, 1956.

B. C. Hernandez, Jr., Albuquerque, for appellant.

Iden, Johnson & Mechem, Richard G. Cooper, Albuquerque, for appellees.

LUJAN, Justice.

This is an appeal from a summary judgment entered in favor of defendants and

plaintiff appeals. The parties will be referred to as they appeared in the district court.

The material facts are as follows:

On April 1, 1937, the plaintiff leased to John Fidel certain premises in Albuquerque, New Mexico, for twenty-five years, with an option of renewal at the expiration of said term for a further period of twenty-five years. This lease, among other things, contained the following provision:

"The tenant shall not, except by way of mortgage of its leasehold estate to secure some actual indebtedness, assign or transfer this lease without the written consent of the landlord."

On October 15, 1942, John Fidel assigned the lease to himself as an individual and to Joe Fidel, T. M. Fidel and A. S. Nidor with the consent of the plaintiff. On the same day the defendants executed a paper denominated "assumption of performance of lease by assignees", as follows:

"The undersigned, John Fidel, Joe Fidel, T. M. Fidel and A. S. Nidor named as assignees in the annexed assignment, do hereby, in consideration of the consent to said assignment by Rosalia Sandoval C. de Baca, accept the assignment, hereby assuming the obligations of the lease assigned and agreeing to perform and to be bound by all of the terms, conditions and covenants thereof to the same manner and to the same extent as if we had been originally designated as lessees therein."

Thereafter the defendants rented a portion of the premises to one Horace P. Vandeventer and to the Continental Western Lines, Inc., as tenants from month to month of the defendants. The terms of the subletting were for less than the term of the original lease.

On December 15, 1953, the attorney for plaintiff wrote the defendants the following letter:

"This is to advise you that I represent Mrs. Rosalia Sandoval C. de Baca, and that I am writing you in her behalf.

"I do hereby declare, in her behalf, a forfeiture of that certain lease between you and Mrs. DeBaca, dated May 1, 1937, and the assignment thereof dated October 15, 1942, covering (here description), for the reason of your violation of paragraph 'g' of Article II, which provides in part: 'The tenant shall not, except by way of mortgage of its leasehold estate to secure some actual indebtedness, assign or transfer this lease without the written consent of the landlord.'

"Pursuant to paragraph 'e' of Article III of said lease, you are hereby given thirty (30) days written notice to vacate the said premises, more than sixty (60) days having elapsed since your violation of the lease as set forth above.

"You are further notified that Mrs. DeBaca desires to exercise her election to enter upon the demised premises and that she will take possession thereof on January 16, 1954."

Upon the defendants' refusal to vacate the premises, as requested, the plaintiff instituted this suit for restoration of the property and for damages for withholding the same.

The plaintiff seriously contends that the transaction between the defendants and their above mentioned tenants constituted an assignment or transfer of the lease in violation of the provision thereof. A determination of this question is decisive of this appeal.

Is a covenant in a twenty-five year lease "not to assign or transfer this lease without the written consent of the landlord", violated by a subletting of a portion of the premises, without the written consent of the landlord, for a period shorter than the unexpired term of the original lease? We think not.

A clear distinction between an assignment of the lease and a subletting of the premises is recognized by the authorities. 35 C.J. p. 991, Section 83; 16 R.C.L. p. 832, Section 329; 51 C.J.S., Landlord and Tenant, § 37 d, p. 556; Hobbs v. Cawley, 35 N.M. 413, 299 P. 1073.

The distinction depends upon the quantity of interest that passes by the transfer, and not upon the extent of the premises involved. An assignment transfers the entire interest in the leasehold, or, if the assignment be merely pro tanto, it passes the entire interest in such part of the demised premises. A subletting is a grant of a portion of the term, with some reversionary interest in the sublessor. Hobbs v. Cawley, supra.

Reasonable restrictions upon the alienation of property are enforced, but they are rigidly construed so as to confine their operation within the exact limits defined by the precise terms of restraint. 35 C.J. p. 978, § 61; 51 C.J.S., Landlord and Tenant, § 33; 16 R.C.L. p. 832, § 328; 32 Am. Jur. p. 296, § 327; Hobbs v. Cawley, supra.

It is the general rule that a restrictive covenant in a lease against the assignment thereof is not violated by a subletting of the premises, and a limitation upon the right to sublease is not violated by an outright assignment of the lease. 35 C.J. p. 982, § 68; 16 R.C.L. p. 832, § 329; 16 R.C.L. p. 872, § 375; 51 C.J.S., Landlord and Tenant, § 33 d, p. 544; Hobbs v. Cawley, supra.

In the leading English case of Crusoe v. Bugby, 3 Wilson, 234, 2 Bl.Rep. 766, a tenant for twenty-one years convenanted "not to assign, transfer or set over, or otherwise do or put away the premises or any part thereof", without permission of the landlord. Afterwards the lessee sublet the premises for fourteen years. It was held that there was no breach of the cove-

nant, on the ground that the demise for fourteen years was an underlease, and not an *assignment*. And it was observed that the landlord, if he so desired, might have provided against a change of possession, as well as against an *assignment,* but that he had not done so in language admitting of no other meaning, and that *"assign, transfer* and set over" were mere words of assignment, and "otherwise do or put away", as there used, meant any other mode of getting rid of the whole interest, and would not be held to *prohibit* the making of an underlease. (Emphasis ours.)

Applying these principles to the instant case, we conclude that the defendants did not violate the provision of the lease against assigning and transferring the same by subletting a portion of the premises for a shorter period than the term of the original lease; and that the court did not err in sustaining the defendants' motion for summary judgment and in entering the judgment it did.

In view of the fact that counsel for the respective parties have agreed that a determination of the question discussed herein is decisive of the case, other points raised for a reversal of the judgment will not be considered. There is no error in the record.

The judgment will be affirmed. .

It is so ordered.

COMPTON, C. J., and SADLER, McGHEE and KIKER, JJ., concur.