DEEP SOUTH OIL COMPANY OF TEXAS,
Appellant,

v.

TEXAS GAS CORPORATION, Appellee.

No. 13619.

Court of Civil Appeals of Texas.

Houston.

May 31, 1962.

Joel W. Cook, Houston, for appellant.

Vinson, Elkins, Weems & Searls, Robert E. Morse, Jr., A. A. White, Earl D. Elliott, Thomas H. Burton, Jr., Houston, for appellee.

WERLEIN, Justice.

Appellant, Deep South Oil Company of Texas, hereinafter called Deep South, sued Texas Gas Corporation, formerly McCar-

thy Chemical Company, to recover $19,-583.08 representing the part of the increased State of Texas taxes on gas production sold by appellant to appellee, which appellant claimed appellee owed pursuant to the agreement between them dated February 15, 1952. The case was tried without a jury. The trial court rendered judgment that appellant take nothing on the theory that the amount sued for was a rate increase subsequent to June 7, 1954, and was unenforceable because no notice was given the Federal Power Commission by appellant of the imposition of such increased tax and of appellee's liability therefor.

The contract upon which appellant bases its suit provides, among other things:

"XI. TAXES—Seller shall pay all taxes imposed and at the rates prescribed upon the production and severance of gas in effect as of the date of this contract. In the event of an increase in the cost to Seller, occurring after said date, occasioned by an increase in taxes imposed and/or of the imposition or substitution of sales, occupation, gathering, export or excise taxes, or taxes having a similar effect, in addition to any applicable taxes in effect as of the date of this contract, Buyer will pay or reimburse Seller for three-fourths (¾) of such increase, in the event Seller has paid same, by increasing the price of the gas sold subject to such increased tax to the extent of three-fourths (¾) of the amount of increase in cost to Seller caused by any such increased, substituted or new taxes * * *. In case any such adjustment in taxes is to be made for any year, Seller shall notify Buyer immediately and shall, within ninety (90) days after the end of such year, prepare and submit to Buyer a statement setting forth the amount of such increase in cost to Seller caused by new or additional taxes that it has paid during such year.

Within thirty (30) days after submission of such statement, an adjustment between the parties shall be made by Buyer reimbursing Seller to the extent of three-fourths (¾) of such increase in cost due to new or additional taxes as herein defined which Seller shall have so paid."

The Federal statute involved in the instant case is Section 4(d) of the Federal Natural Gas Act [15 U.S.C.A. § 717c(d)] enacted in 1938 but made applicable to sales of gas at the wellhead by the decision of the Supreme Court in Phillips Petroleum Company v. Wisconsin, 347 U.S. 672, 74 S.Ct. 794, 98 L.Ed. 1035. This decision, rendered on June 7, 1954, was followed by successive orders and regulations of the Federal Power Commission, sometimes called Commission, which provided among other things that the rate schedules in force on June 7, 1954, were to be filed on or before October 1, 1954. "Rate Schedule" was defined in the regulations to mean "the basic contract and all supplements or agreements amendatory thereof, effective and applicable on and after June 7, 1954."

Art. 7047b, Vernon's Civil Statutes of the State of Texas, was amended by Chapter 2 of the Acts of the First Called Session of 1954, 53rd Leg., pp. 3 and 4, HB 15. The amendment provided for an increase in taxes on the business or occupation of producing gas within this State, effective as of September 1, 1954.

The trial court made the following pertinent findings of fact: that appellant is a natural gas company within the Natural Gas Act (15 U.S.C.A. § 717c) and an "independent producer" within the meaning of Sections 154.91 through 154.102 of the regulations of the Federal Power Commission; that the sums sought herein are for natural gas sold in interstate commerce under the contract between the parties and subject to the jurisdiction of the Commission; that the filing by appellant with the Commission on September 22, 1954 of a

petition for a declaratory order with attached copy of said contract did not constitute a filing of a change of rates pursuant to Sec. 4(d) of the Natural Gas Act or compliance with Federal Power Commission Regulation 154.94 or notice of a new rate schedule; that the contract in question was filed with the Commission as appellant's rate schedule No. 1 on May 29, 1958, and that on June 7, 1954, appellant was selling gas to appellee at a rate exclusive of the sums sued for herein, and no change in such rate was authorized by the Commission; that the Commission has determined that any increase in the rate charged on June 7, 1954 will require its approval and that Art. XIV of the contract makes its terms subject to Commission orders and regulations; that any obligation of appellee under the contract for the sums sought was conditioned on appellant's filing with the Commission of a notice of change in rates and that appellant failed to file such notice or to comply with the Commission regulations; that the payment of the sums sought to be collected would constitute rate changes under the Natural Gas Act and the Commission regulations; and that appellant has failed to perform the conditions precedent to its right to recovery.

The court concluded that Deep South is not entitled to recover from Texas Gas Corporation reimbursement for any increased taxes on or by reason of gas sold to appellee, because same would constitute a rate increase, and appellant failed to comply with the necessary legal and contractual prerequisites for creating an enforceable obligation on the part of appellee for payment of such taxes, and further that appellee was entitled to deduct from the basic contract price otherwise due appellant the additional sum of $2,083.37 paid by appellee on delinquency tax notices after default by appellant.

■ We are of the opinion that the foregoing fact findings and conclusions of the trial court find support in the evidence.

The trial court properly found that the increase in the taxes in the amount appellant sought to recover constitutes a change in the rate schedules within the meaning of Sec. 154.94 of the Regulations of the Federal Power Commission as well as Sec. 4 (d) of the Natural Gas Act. The contract in question provides that during the first ten years of its life the price of gas sold would be 10 cents per thousand cubic feet. It also provides, as hereinabove shown, that in the event of an increase in the cost to Seller occasioned by an increase in taxes imposed, Buyer will reimburse Seller for three-fourths of such increase in the event Seller has paid the same, "by increasing the price of the gas sold subject to such increased tax to the extent of three-fourths (¾) of the amount of increase in cost to Seller caused by any such increased, substituted or new taxes." Thus the contract itself provides that the increase in taxes shall be taken care of by including such increase in a price increase which, of course, would establish a new rate.

■■ Appellant also refers to the stipulation of the parties to the effect that on September 22, 1954, Deep South filed with the Commission a petition for a declaratory order to which was attached a complete copy of the contract of February 15, 1952. In the petition for a declaratory order, appellant was undertaking to establish that its sales of natural gas to Texas Gas Corporation were not subject to regulation under the provisions of the Natural Gas Act, and that it was not a natural gas company within the meaning of such act and hence it would not have to file any rate schedules. We agree with the trial court that the petition for declaratory order with attached copy of said contract did not constitute a filing of a change of rates pursuant to Sec. 4(d) of the Natural Gas Act or compliance with the Commission's Regulation 154.94 or notice of a new rate schedule. Even if the contract could be considered as properly filed and as showing the rate schedule effective June 7, 1954, it

would still not constitute a notice of any change in rate. The contract contains no escalator clause with respect to increased taxes which would definitely and automatically put into operation new rate schedules at certain prescribed dates.

Sec. 4(d) of the Natural Gas Act provides that, "(d) Unless the Commission otherwise orders, no change shall be made by any natural gas company in any such rate, charge, classification, or service, or in any rule, regulation or contract relating thereto, except after thirty [30] days' notice to the Commission and to the public. Such notice shall be given by filing with the Commission and keeping open for public inspection new schedules stating plainly the change or changes to be made in the schedule or schedules then in force and the time when the change or changes will go into effect."

Sec. 154.94 of the Regulations provides, among other things, that in the event of a proposed change in a rate schedule, there shall be submitted the reasons, nature and basis for the proposed change, giving the date on which the change is proposed to be made effective, a comparative statement of total sales made and revenues therefrom under the then effective rate schedule and under the proposed changed rate schedule, and there shall be submitted a full statement in support of the increase. Appellant did not comply with any of such requirements.

In Continental Oil Co. v. Federal Power Commission, C.C.A.5th, 1956, 236 F.2d 839, cert. den., 352 U.S. 966, 77 S.Ct. 352, 1 L.Ed.2d 321, the court recognized that tax reimbursement provisions similar to those in the present case constituted rate changes even though filed with the Commission on the same date that the company, under protest and with jurisdictional reservations, filed its contract reflecting rates and charges in effect on June 7, 1954. The court held that under Sec. 4(d) of the Natural Gas Act change schedules must be filed at least thirty days before they are to go into effect.

■ The opinion of the presiding examiner in the Deep South case before the Commission, Defendant's Exhibit No. 2, included the finding that "the basic price at which the gas was being sold and delivered as of June, 1954, appears fair, reasonable and unquestioned. Any increase in such price hereafter will require Commission approval and the possibility of such increase is not pertinent to this proceeding." Since the tax reimbursement provision in Art. XI of the agreement in question would increase the amount paid by appellee for gas purchased from appellant, it unquestionably provided for increases in rates which could only be put into effect after compliance with Sec. 4(d) of the Natural Gas Act and Sec. 154.94 of the Regulations of the Commission. The trial court properly concluded that appellant had failed to comply with such requirements and was not entitled to recover any part of the increased taxes paid.

Our holding applies also to the portion of the taxes paid in the years 1957 and 1958 referred to in appellant's third and fourth points, since such portion of the taxes accrued and was paid prior to compliance by appellant with the Federal Power Commission requirements and the Natural Gas Act.

Judgment affirmed.

COLEMAN, J., not sitting.