424 P.2d 397

**PAN AMERICAN PETROLEUM CORPORA-
TION, a corporation, Plaintiff-Appellant,**

v.

**EL PASO NATURAL GAS COMPANY, a cor-
poration, Defendant-Appellee.**

No. 7925.

Supreme Court of New Mexico.

Dec. 27, 1966.

Rehearing Denied March 14, 1967.

Atwood & Malone, John W. Bassett, Jr., Roswell, J. K. Smith, Ft. Worth, Tex., for appellant.

Seth, Montgomery, Federici & Andrews, Santa Fe, Hardie, Grambling, Sims & Galatzan, El Paso, Tex., for appellee.

## OPINION

NOBLE, Justice.

Pan American Petroleum Corporation, plaintiff below (hereinafter referred to as Pan American), has appealed from a summary judgment dismissing a declaratory judgment action brought to determine whether § 24, ch. 179, Laws 1963, imposed upon Pan American an additional excise tax under the terms of its gas-purchase contract with El Paso Natural Gas Company, defendant below (hereinafter referred to as El Paso). This appeal requires our determination whether the district court had jurisdiction to resolve that question. Pan American is a natural gas producer selling gas to El Paso for use in interstate commerce. By its gas-purchase contract, El Paso agreed to reimburse Pan American to the extent of three-fourths of any additional excise tax imposed after January 29, 1959, the date of the contract. Section 72–16–4, N.M.S.A.1953 (§ 1, ch. 143, Laws 1953) imposed a 2% tax upon the gross receipts from the production of natural gas, but § 72–16–4 and § 72–16–4.2(E), N.M.S.A.1953 (§ 28, ch. 54, Laws 1959) exempted from payment of the 2% tax, sales of gas:

". * * * to a person engaged in the business of refining, smelting, reducing, compounding, manufacturing or otherwise preparing for sale or use as manufactured or partly manufactured products, * * * so that the character or condition thereof is materially changed, in mills or plants located in this state, * * *."

Pan American asserts and El Paso denies that the character of the gas was so changed that Pan American was not required to pay the tax. Section 24, ch. 179, Laws 1963 (§ 72–21–4, N.M.S.A.1953), effective April 1, 1963, increased the tax to 2.55% of the taxable value of the gas delivered, and removed the exemption granted by the 1955 and 1959 statutes. El Paso contends that Pan American was always subject to the tax so that the increase imposed by the 1963 legislature amounts only to .55%. The declaratory judgment sought to have this controversy between the parties resolved.

Both corporations are engaged in the interstate transportation of gas. El Paso contends that a determination requiring it to reimburse Pan American to the extent of three-fourths of the tax imposed by the 1963 statute would have a direct and substantial effect on the price paid by the ultimate consumer over which the Federal Power Commission exercises exclusive jurisdiction. The record discloses an extensive written decision by which the trial court concluded as a matter of law that such determination would have the effect of changing the price to be paid for such gas, and that the approval or disapproval of such price change is a matter within the exclusive jurisdiction of the Federal Power Commission. Accordingly, holding that the state courts are without jurisdiction to determine the issues presented by the declaratory judgment proceeding, the trial court entered summary judgment dismissing the action with prejudice. We agree that a judgment in favor of Pan American and against El Paso for the amount of any taxes imposed on the sale of gas, and within the terms of the contract between the parties, would have a direct and substantial effect on the price of gas over which state courts cannot directly interfere. However, that is not the issue presented by this action. The sole question at issue here is whether, in fact, § 24, ch. 179, Laws 1963, imposed an additional tax on Pan American's sale of natural gas produced by it and sold to El Paso. A determination of that preliminary question is simply one of the construction of our statutes.

■ Whether the Federal Power Commission has exclusive jurisdiction to determine the extent to which New Mexico statutes imposed a tax on the sale of Pan American's gas requires an examination of that agency's authority. The powers and duties of the Federal Power Commission respecting natural gas companies are defined by sections 4 and 5 of the Natural Gas Act, 15 U.S.C.A. §§ 717c and 717d. The com-

mission has neither the power nor authority to initially determine or fix a gas rate, even upon the request of a natural gas company. Under the statutory method of regulations, a rate must be initially established by the gas company, by contract or otherwise. (Rate, as used in the act, includes the price to be charged to another gas company for the sale of gas by a producer.) After the rate or price for the gas is so initially fixed by contract, the company files notice of the proposed rate or rate change. The commission's regulatory authority is limited to a review of the rate or price established by contract with the power to set aside or modify any rate or price which it determines to be " 'unjust, unreasonable, unduly discriminatory, or preferential'." United Gas Pipe Line Co. v. Mobile Gas Corp., 350 U.S. 332, 341, 76 S.Ct. 373, 379, 100 L.Ed. 373. See also, Phillips Petroleum Co. v. Federal Power Commission, 258 F.2d 906 (10th Cir.1958); Callery Properties, Inc. v. Federal Power Commission, 335 F.2d 1004 (5th Cir.1964); Pure Oil Co. v. Federal Power Commission, 299 F.2d 370 (7th Cir.1962).

 To preserve its right to reimbursement from the date of the 1963 tax statute, Pan American filed with the commission a notice of proposed increase in price. The filing of that notice precipitated the threshold question of whether such increases are contractually authorized. An affirmative determination of that question is a prerequisite to the jurisdiction of the Federal Power Commission to proceed with a consideration of whether the price fixed by the contract is just and reasonable. It is only this threshold question which is presented by the declaratory judgment proceeding, and which the court was asked to determine. Whether the 1963 act imposed an additional tax within the meaning of the contract between Pan American and El Paso is, of course, not determinative of the issue of whether the price resulting from an increase, if the tax is found to have been imposed, is just and reasonable. If it be resolved that the 1953 and 1959 tax laws exempted the Pan American gas sold to El Paso from the tax then imposed, and that there is a contractual basis for the demand for reimbursement, then the Federal Power Commission must decide, not only from those facts, but from a consideration of all factors involved in a review of a utility rate change or charge, whether the price fixed by the contract is just and reasonable. It is this latter determination that is within the exclusive jurisdiction of the commission. It is plain that the commission could conclude that notwithstanding the increased tax payable to Pan American under its contract, other factors would make the price as increased by the amount of such tax not just or reasonable. Recognizing that the threshold question, which must be resolved in advance of any consideration of whether the contract price is just and reasonable, involved a construction of New Mexico stat-

utes, the commission deferred action pending an interpretation by the New Mexico court of the exemption provision of the New Mexico tax statute and of whether there is, in fact, a contractual basis for the increased price.

Deep South Oil Co. of Texas v. Texas Gas Corp. (Tex.Civ.App.) 358 S.W.2d 641; Northern Natural Gas Co. v. State Corp. Comm. of Kansas, 372 U.S. 84, 83 S.Ct. 646, 9 L.Ed.2d 601; and Superior Oil Co. v. El Paso Natural Gas Co. (Tex.Civ.App.) 377 S.W.2d 691, heavily relied on by El Paso in support of its position that the Federal Power Commission has exclusive jurisdiction over the issues presented by the declaratory judgment, are distinguishable upon their facts and are neither controlling nor persuasive respecting the jurisdiction over the preliminary issue presented here.

Superior Oil Company involved the question of whether "favored-nation" escalator clauses in natural gas contracts by which the contract provides that the purchase price to be paid by the purchaser shall be immediately increased so that it will equal the price payable by the buyer under other contracts can be enforced by state courts. In Northern Natural Gas Co. v. State Corp. Comm. of Kansas, supra, the state commission required purchasers of interstate gas to purchase rateably from all wells connected with its pipeline. The effect was to shift the burden of balancing the output of thousands of wells in the state to the interstate purchaser—a task which would necessarily increase the price of gas to the eventual purchaser. The action in the Deep South case was to recover the amount of a tax imposed on the producer. The distinction is obvious. Here, the declaratory action is to determine whether there is a contractual basis for Pan American's notice of a price increase—a question which must be resolved as a preliminary to any action by the commission approving or denying the increase posted by Pan American.

■ The principal characteristic of the declaratory judgment which distinguishes it from other judgments is that it declares pre-existing rights of the parties without a coercive decree. Execution or performance by the opposing parties does not follow as a matter of course, § 22–6–2, N.M.S.A.1953; American Linen Supply of N. M., Inc. v. City of Las Cruces, 73 N.M. 30, 385 P.2d 359; Savage v. Howell, 45 N.M. 527, 118 P. 2d 1113.

■ Section 22–6–2 does authorize the court, when necessary or *proper,* to grant complete relief and to enter a coercive decree to carry the declaratory judgment into effect. It is true that the complaint requests a coercive decree to carry into effect the requested declaratory judgment. A coercive decree may only be entered after an order to show cause, and then upon a determination that it should be granted to complete the relief declared. The coercive relief sought would, of course, invade the exclu-

sive province of the Federal Power Commission to determine whether an increased price for the gas is just and reasonable. We hold that a determination of only the threshold question of whether, under a proper construction of the New Mexico tax statutes, there is a contractual basis for the increased price asserted by Pan American in its notice filed with the Federal Power Commission is within the jurisdiction of the New Mexico court. If the declaratory judgment should determine that New Mexico statutes have increased the tax within the meaning of the contract, the question of whether the increased price will be permitted is within the exclusive jurisdiction of the Federal Power Commission. Under these circumstances, it would clearly be improper, no matter what the declaratory judgment, for the state court to enter any coercive decree. We think a determination of that threshold question would not constitute merely an advisory opinion.

■■■■ We find the contention, that the court lacks jurisdiction to determine the threshold question because Pan American has failed to exhaust its administrative remedies, to be without merit. We have pointed out that a determination of that question is one of construction of New Mexico statutes. The exhaustion doctrine, however, applies where an administrative agency alone has authority to pass on every question raised by the one resorting to judicial relief, but does not apply in relation to a question which, even if properly determinable by an administrative tribunal, involves a question of law, rather than one of fact. Opdyke v. Security Sav. & Loan Co., Ohio Com.Pl., 97 N.E.2d 435, 59 Ohio Law Abstracts 212.

■■■■ A state court has the function of declaring and construing its own statutes. Such determination is binding not only upon federal administrative agencies but upon federal courts as well. In this respect, the Supreme Court of the United States in Schwabacher v. United States, 334 U.S. 182, 68 S.Ct. 958, 92 L.Ed. 1305, said:

"* * * Neither the Commission nor this Court can make a plenary and exclusive decision as to what the law of a state may be, for the function of declaring and interpreting its own law is left to each state of the Union. * * *"

Certainly, where the question is simply one of construction, the courts may pass upon it as an issue "solely of law." Great Northern Ry. Co. v. Merchants Elevator Co., 259 U.S. 285, 42 S.Ct. 477, 66 L.Ed. 943. In this instance, the question to be resolved by the declaratory judgment is not one requiring administrative skill commonly to be found only in a body of experts, as does the determination of whether the rate charged is just and reasonable. The administrative agency here, itself, recognized not only the judicial aspect of the question presented by the declaratory judgment action, but also

recognized the function of New Mexico courts to construe our own statutes.

It follows that the cause must be reversed; the summary judgment appealed from vacated; the case reinstated on the docket; and the trial court directed to proceed in a manner not inconsistent with this opinion.

It is so ordered.

CHAVEZ, J., and WOOD, J., Court of Appeals, concur.