[No. 6623–1.   Division One.   November 19, 1979.]

WALTER J. TERRY, ET AL, *Respondents*, v. WILLIAM J.
BORN, ET AL, *Defendants*, ROBERT C. ROLLINS,
JR., ET AL, *Appellants*.

*John A. Paglia,* for appellants.

*Montgomery, Purdue, Blankinship & Austin, George W. Akers,* and *L. O. Hurst,* for respondents.

JAMES, J.—The question presented by this appeal is whether it was error for the trial judge to grant a judgment on the pleadings and declare a forfeiture of a real estate contract. We hold that it was.

Plaintiffs Terry contracted to sell real property to defendants Born, who agreed to pay the purchase price in monthly installments over a period of years. The contract did not permit prepayment by Born and it was "not assignable nor [could],the buyer convey the property without the seller's written consent." Exhibit 1.

When Born subsequently contracted to sell to defendants Rollins without Terry's consent, Terry commenced this action to forfeit the contract. A default judgment was entered against Born and a judgment on the pleadings was entered against Rollins because the trial judge was persuaded that:

> The Born–Rollins real estate contract is a material breach of the Terry–Born real estate contract, which breach is not subject to cure and which breach entitles the Terrys to forfeit the real estate contract.

Conclusion of law No. 6.

Rollins' appeal raises the following controlling issues: (1) Was the subsequent executory contract between Born and Rollins a prohibited assignment or conveyance? (2) Are the provisions of the Terry–Born contract which prohibit assignment or conveyance and do not permit prepayment invalid as an unreasonable restraint on alienation?

We first consider Rollins' contention that the subsequent executory real estate contract with Born did not constitute a "conveyance."

■ In *Bellingham First Fed. Sav. & Loan Ass'n v. Garrison,* 87 Wn.2d 437, 438, 553 P.2d 1090 (1976), a similar contention was asserted concerning a prohibition against "inter vivos transfer of the premises or any part thereof" in

a real estate mortgage. In holding that a real estate contract was an "inter vivos transfer," our Supreme Court at page 439 adopted the rationale of *Tucker v. Lassen Sav. & Loan Ass'n,* 12 Cal. 3d 629, 637, 526 P.2d 1169, 116 Cal. Rptr. 633 (1974):

> Although one holding property subject to a deed of trust who executes an installment land contract does not thereby "sell, convey, or alienate" the *property* within the meaning of those terms in the clause, it is clear that such a one thereby "sell[s], convey[s], or alienate[s]" *an interest* in the property—to wit, his equitable interest in the property. . . . Accordingly, the "due–on" clause is by its terms applicable to the transaction.

Although the term "conveyance" in a strict legal sense means a transfer of legal title to land, *see* RCW 65.08-.060(3), it also denotes any transfer of title, legal or equitable. Black's Law Dictionary 402 (4th rev. ed. 1968). We hold that the challenged transfer of the equitable interest from Born to Rollins was a "conveyance." *Mutual Fed. Sav. & Loan Ass'n v. Wisconsin Wire Works,* 58 Wis. 2d 99, 205 N.W.2d 762 (1973).

Rollins' principal contention is that, absent a right to prepay, the prohibition in the Terry–Born contract against assignment or conveyance is invalid as an unreasonable restraint upon alienation.

While generally the common–law rule is that limitations on the free alienation of real property are invalid as against public policy, "reasonable restraints that are justified by legitimate interests of the parties are not necessarily void." *Miller v. Pacific First Fed. Sav. & Loan Ass'n,* 86 Wn.2d 401, 403, 545 P.2d 546 (1976). In recent years, the validity of restraints upon alienation imposed by "due–on–sale" clauses in real estate mortgages has been considered by a number of jurisdictions. *Bellingham First Fed. Sav. & Loan Ass'n v. Garrison, supra.* Although some courts have automatically enforced due–on–sale clauses as reasonable restraints on alienation, our Supreme Court in *Bellingham*

at page 441 held that a due–on–sale clause *was* an unreasonable restraint on alienation and contrary to public policy *unless* the lender–mortgagee could "show that the enforcement of the clause [was] necessary to protect [its] security."

■ A contract seller's retention of title is a security device functionally similar to a real estate mortgage or deed of trust. *See* Nock, Strait, Weaver, *Equitable Conversion in Washington: The Doctrine That Dares Not Speak Its Name,* 1 U.P.S. L. Rev. 121, 126–27 (1977); Annot., 77 A.L.R. 272, at III (1932). Both contract sellers and lender–mortgagees have a legitimate interest in preserving their security from waste or depreciation and insuring that installment payments will be timely made. Both may, by prohibiting prepayment, have an additional interest in receiving installment payments over a fixed period of time.

On the other hand, a contract purchaser or a mortgagor or a successor in interest of either has an equitable interest in the property which, if forfeited or foreclosed, will result in the loss of the initial investment as well as any future return on the investment.

■ We hold that the provisions of the Terry–Born contract which prohibit assignment or conveyance and do not permit prepayment constitute an unreasonable and unenforceable restraint on alienation unless Terry can show that enforcement of the restraint is necessary to protect his security.

"[F]orfeitures are not favored in law and are never enforced in equity unless the right thereto is so clear as to permit of no denial." *Dill v. Zielke,* 26 Wn.2d 246, 252, 173 P.2d 977 (1946); *Chambers v. Cranston,* 16 Wn. App. 543, 558 P.2d 271 (1976). Terry's complaint does not allege that enforcement of the contract provisions prohibiting assignment or conveyance was necessary to protect his security. A judgment on the pleadings was, therefore, improper. We remand for trial to determine whether Terry's security will be impaired by Born's conveyance to Rollins.

In the event of a finding that Terry's security will be impaired, the trial judge, sitting in equity, should further balance the interests of the parties to determine whether Rollins should be granted the right of prepayment in full to avoid a forfeiture. *See John R. Hansen, Inc. v. Pacific Int'l Corp.*, 76 Wn.2d 220, 455 P.2d 946 (1969); *State ex rel. Foley v. Superior Ct.*, 57 Wn.2d 571, 358 P.2d 550 (1961); *Ryker v. Stidham,* 17 Wn. App. 83, 561 P.2d 1103 (1977).

Reversed and remanded.

WILLIAMS and DORE, JJ., concur.