Roger GAGNE, Anne GAGNE, John GLOSENGER
and Rick IAMES *v.* Joseph R. HARTMEIER
and Irene HARTMEIER

CA 80-354                                    611 S.W. 2d 194

Court of Appeals of Arkansas
Opinion delivered February 4, 1981

*Willard Crane Smith, Jr.*, for appellants.

*Conrad Ockenfels Pugh*, for appellees.

TOM GLAZE, Judge. This case involves an action for unlawful detainer. The appellants appeal from an order issued by the Sebastian County Circuit Court wherein the appellees were found entitled to a writ of possession of property owned but which had been leased by the appellees.

On August 27, 1976, the appellees, the Hartmeiers, leased property to appellant, Gagne, and his wife. The term of the lease was for ten years and the monthly rental was $1,750 plus a percentage of the gross sales of gasoline. The provision of the lease which is an issue is paragraph twelve which provides:

> LESSEES (Gagne) shall not sublease all or any part of the property herein leased without the expressed written consent of LESSORS (the Hartmeiers).

On February 4, 1980, Gagne (who was divorced at the time) entered into a written agreement designed "Contract of Sale of Personal Property and Business" with the appellants, Glosenger and Iames. Gagne entered into this agreement without obtaining the written or oral consent of the Hartmeiers, but the agreement specifically incorporated the original Hartmeier lease and made the sale subject to the

lease provisions. Additionally, the terms of the transfer or sale agreement provided that the transaction was not a subletting. Glosenger and Iames then took possession of the leased property and proceeded to operate the business purchased from Gagne.

The Hartmeiers brought suit for possession of the leased property, contending that the agreement between Gagne, Glosenger, and Iames was a sublease which was entered into contrary to the terms in paragraph twelve of the original lease. Gagne, Glosenger and Iames argued that the contract they entered into was an assignment rather than a sublease and the written consent of the Hartmeiers was unnecessary.

As previously mentioned, the trial judge ordered the Hartmeiers were entitled to a writ of possession, and the bases for his decision were:

1. One legal distinction between a sublease and assignment is that when a lessee sublets his interest, he transfers a lesser interest than if he assigns it. Therefore, if the contract prohibited the transfer of a lesser interest, then it would also prohibit the transfer of the greater interest.

2. When Gagne sold his business to Glosenger and Iames, he also became a partner and had some control over the business which would be more in line with a sublease than an assignment.

3. Assignment is usually in a different form than the contract of sale between Gagne, Glosenger and Iames, and therefore, there was some doubt whether the document as drawn was actually an assignment.

After a review of the lower court's findings and decision the first issue to be resolved is whether the court is correct in its finding that the Gagne transfer document is a sublease rather than an assignment. If correct, then the document would be a subletting under the original lease and, therefore, prohibited by its terms. The trial judge, however, in his first reason above indicated that the Gagne sale document could

be an assignment, but, if so, he concluded that the document or assignment would still be prohibited by the original lease, i.e., a covenant against subleasing also prohibits an assignment. Thus, if we find that the Gagne sale document is an assignment, we must then decide if such an assignment breaches the sublease provision in the original lease.

We first consider whether the Gagne sale agreement was a sublease or assignment. To do so, it is important to understand the distinction between an assignment and a sublease and to know the legal consequences which may ensue from each. Professor Moynihan, in his *Introduction to the Law of Property* (1962) at page 76 discusses the traditional and common law distinction of these two terms in a property context as follows:

> ... An assignment is a transfer by the lessee of his estate for the entire balance of the unexpired residue of the term. There is no reversion left in the lessee. A sublease is a transfer of the leasehold for a shorter period than the unexpired residue of the term. Even if the difference in time between the lessee's unexpired term and the transferee's term is as short as one day the transfer is classified as a sublease ... Where the transfer is an assignment the assignee becomes liable on those covenants in the lease made by the lessee which run with the land. The basis of this liability is the privity of estate arising from the landlord-tenant relation between the lessor and the assignee. The lessee continues to be liable on the covenants on the basis of privity of contract but as between lessee and assignee the latter is primarily liable. Thus, the assignee is liable to the landlord for the rent reserved in the main lease and this liability continues for the balance of the term unless and until the assignee makes a further assignment to some one else. But if the transfer by the lessee is a sublease there is neither privity of estate nor of contract between the main lessor and the sublessee. The lessor, therefore, has no direct action against the sublessee on the covenants in the lease. [Citations omitted.]

Most jurisdictions follow the common law distinction in

determining whether a document or instrument is an assignment or sublease. Put simply, if the instrument purports to transfer the lessee's estate for the entire remainder of the term, it is an assignment, regardless of its form or the parties' intention. Conversely, if the instrument purports to transfer the lessee's estate for less than the entire term, it is a sublease, again regardless of its form of the parties' intention. Thus, the intention of the parties to the transaction has nothing to do when applying the common law rule. The sole question is whether the lessee retained a reversionary estate. If so, the instrument would be designed a sublease.

In the case of *Jaber* v. *Miller*, 219 Ark. 59, 239 S.W. 2d 760 (1951), Justice George Rose Smith critically studied and analyzed the common law concept in determining whether an instrument is a sublease or assignment, and, in rejecting its formalistic test, stated:

> The English distinction between an assignment and a sublease is not a rule of property in the sense that titles or property rights depend upon its continued existence. A lawyer trained in common law technicalities can prepare either instrument without fear that it will be construed to be the other. But for the less skilled lawyer or for the layman the common law rule is simply a trap that leads to hardship and injustice by refusing to permit the parties to accomplish the result they seek.

> *For these reaons we adopt as the rule in this State the principle that the intention of the parties is to govern in determining whether an instrument is an assignment or a sublease.* If, for example, a tenant has leased an apartment for a year and is compelled to move to another city, we know of no reason why he should not be able to sublease it for a higher rent without needlessly retaining a reversion for the last day of the term. The duration of the primary term, as compared to the length of the sublease, may in some instances be a factor in arriving at the parties' intention, but we do not think it should be the sole consideration. [Emphasis supplied]

In accordance with the legal principle enunciated in

*Jaber*, we must determine what was intended by Gagne, Glosenger and Iames when they entered into their Contract of Sale or transfer document. First, and most obviously, the instrument was written to convey Gagne's interest in his business to Glosenger and Iames for a purchase price of $75,-000.00. The terms of the sale comprise most of the agreement except for paragraph nine which relates to the original Hartmeier lease and provides:

> 9. The parties understand that this Contract of Sale is subject to a Lease executed by and between the Seller and Joseph R. Hartmeier and Irene Hartmeier as Lessors, said Lease having been executed on or about the 27th day of August, 1976.

> A copy of said Lease is attached hereunto, made a part hereof and entitled Exhibit "A." It is understood by the Buyer that the Lease cannot be "sublet" without the written consent of the Lessors. This Agreement is not to be in any way considered a sublease of the demised premises herein, but rather a Contract of Sale for the business, inventory, fixtures and equpment contained in said business. It is understood that the Seller retains no reversionary interest in said property but for the failure of the buyer to pay the price as herein agreed upon and set forth.

From a review of the language contained in paragraph nine above, it is clear Gagne, Glosenger and Iames fully understood that Gagne could not sublet his Hartmeier leasehold interest. Although the contract or instrument in question did not reflect an assignment, the language in paragraph nine did incorporate the Hartmeier lease *in toto* and made the contract of sale subject to the Hartmeier lease. Glosenger testified that he knew Gagne could not sublease his interest, that he (Glosenger) recognized the transfer of the building or property as an assignment and that he and Iames were directly responsible under the lease to Hartmeier. Since the sale contract incorporated the Hartmeier lease as a part of the agreement, Glosenger and Iames became obligated to the Hartmeiers under the terms of the lease for its entire term.

The trial judge voiced some concern because the instrument, including paragraph nine therein, failed to specifically designate that the Hartmeier lease was assigned and an assignment is generally in a different form. Thompson in his treatises on *Real Property* addresses this concern and provides a guide:

> Any language which shows the intention of the parties to transfer the property one to the other is sufficient, *the form of the instrument being immaterial.* If it has the legal effect to pass to another the lessee's interest in the whole or in any part of the demised premises for his entire term, or the remainder of his term, it is an assignment. [3A *Thompson on Real Property*, § 1210, at page 53.] [Emphasis supplied.]

The appellees argue Gagne did not part with his entire interest, and they relate terms in the contract of sale instrument which protect him, e.g., a right to draw funds from Glosenger's and Iames' business account, a hold harmless provision, a right of re-entry for non-payment of monies due under the agreement, a right to prohibit waste, liens and the assignment or leasing of the property. Of course, none of these rights retained by Gagne rise to the dignity of a reversionary estate. Although courts in some jurisdictions have recognized the lessee's reservation a right of re-entry to be a reversionary estate. Although courts in some jurisdictions have recognized the lessee's reservation of a right of re-entry to be a reversionary estate, Arkansas has rejected this rule when the instrument is intended by the parties to be an assignment. *Jaber* v. *Miller, supra.* The rights Gagne retained incidental to the sale of his business do not negate the parties' clear expression contained in the instrument that the sale contract was subject to the full Hartmeier lease agreement. We necessarily must conclude the instrument is an assignment and not a sublease.

Since we hold that the Gagne transfer or sale document is an assignment, we must then decide whether a restrictive covenant to sublease also prohibits an assignment. We find no Arkansas case on this legal issue, and none is argued in counsels' briefs. Cases do exist in other jurisdictions, however, and the prevailing rule and the better reasoned law is that a restrictive covenant contained in a lease against sub-

letting is not violated by an assignment of the lease. *Cities Service Oil Company* v. *Taylor*, 242 Ky. 157, 455 S.W. 2d 1039 (1932) and *De Baca* v. *Fidel*, 61 N.M. 181, 297 P.2d 322 (1952); See also other cases annotated in 7 A.L.R. 249, 79 A.L.R. 1379 and 51C *C.J.S. Landlord & Tenant*, § 33, at page 84 note 64. This rule of law is bottomed on another but better known legal principle stated as follows:

> Covenants against assignment and underletting, being a restraint against alienation, are not favorably regarded by the courts, and are liberally construed in favor of the lessee, so as to prevent the restriction from extending any further than is necessary. [3 *Thompson on Real Property*, § 1429 (1940).]

In *Cities Service Oil Company* v. *Taylor, supra*, the court, in holding a sublease restriction did not prevent an assignment, refused to extend a sublease covenant beyond the literal requirements of a reasonable interpretation of the terms employed. Applying these principles of law to the case at bar, the Hartmeiers and Gagne could have easily inserted words in the lease agreement to have prohbited both subletting *and* assignments. They failed to do so and given the clear distinction and legal significance between these terms, we are in no position to re-write the lease to prohibit an assignment. Thus, if the trial court determined that the Gagne sale instrument was an assignment, its further decision that such an assignment would violate the sublease provision is in error.

For the above reasons, we reverse the lower court's order.

Reversed.

CLONINGER, J., dissents.

CORBIN, J., not participating.