636 P.2d 279

STATE of New Mexico, ex rel. Jeff
BINGAMAN, Attorney General,
Plaintiff-Appellee,

v.

VALLEY SAVINGS & LOAN ASSOCIA-
TION, Defendant-Appellant.

Nos. 13278, 13391.

Supreme Court of New Mexico.

Oct. 7, 1981.

As Modified on Denial of Rehearing
Nov. 12, 1981.

Losee, Carson & Dickerson, A. J. Losee, Joel M. Carson, Artesia, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Janice M. Ahern, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Richard Bosson, Ortega & Snead, Michael D. Bustamante, Albuquerque, for amicus curiae.

## OPINION

SOSA, Senior Justice.

This is an appeal from the district court's judgment declaring certain practices of appellant, Valley Savings and Loan Association (VSL), to be contrary to the provisions of Sections 48–1–11 through 48–7–14, N.M. S.A.1978 (Cum.Supp.1981) (the "due-on-sale" law), which became effective March 15, 1979. Appellant also appeals from the supplemental restitutionary relief granted.

1. A number of the other associations settled prior to and after the hearing on the State's Motion for Preliminary Injunction.

2. VSL raises three additional issues:

IV. Whether application of the "due-on-sale" law to mortgages executed prior to March 15, 1979, takes a property right without due process of law.

V. Whether application of the "due-on-sale" law to mortgages executed prior to March 15, 1979, impairs the obligation of contracts.

Our discussion of issue number two is dispositive of these issues.

The "due-on-sale" law provides that clauses in mortgages which either allow accelerated payments or increased interest rates upon a transfer of the mortgaged property may constitute an unreasonable restraint upon alienation and therefore be unenforceable, except where a mortgagee's security interest is proven to be substantially impaired. §§ 48–7–11 and 48–7–12.

VSL had a loan policy of accelerating payments upon transfer of mortgaged property or increasing interest rates upon the assumption of notes and mortgages executed prior to March 15, 1979, without regard to whether its security interest would be substantially impaired. The attorney general brought suit against VSL and fifteen other state chartered savings and loan associations[1] to enforce the provisions of the "due-on-sale" law and to obtain restitution and civil penalties. The district court found the provisions of the "due-on-sale" law applicable to the mortgages used by VSL. VSL appeals. We affirm.

The issues on appeal are:

I. Whether the attorney general has standing to bring this suit.

II. Whether the "due-on-sale" law is applicable to mortgages executed prior to March 15, 1979.

III. Whether the lower court's granting of supplementary restitutionary relief was proper.[2]

## I

VSL argues that the attorney general lacks standing to obtain a declaratory judgment in the public interest because the at-

VI. Whether failure on the part of the attorney general to take action against federally chartered associations using the same form as VSL and other state chartered institutions is a denial of equal protection in violation of U.S. Const. amend. XIV, § 1; N.M.Const. Art. 2, § 18.

We find this contention to be wholly without merit. Nonuniform enforcement of a statute is not a denial of equal protection. *State v. Martinez*, 89 N.M. 729, 557 P.2d 578 (Ct.App.), *cert. denied*, 90 N.M. 8, 558 P.2d 620 (1976).

torney general does not have any common law powers, and therefore cannot decide on his own where the public interest lies. VSL also argues that the attorney general lacks statutory authority to initiate public interest litigation. We disagree. We recognize that no common law powers have ever been confirmed in the office of the attorney general. However, the office was created by statute and has its powers and duties defined by statute. *State v. Davidson*, 33 N.M. 664, 275 P. 373 (1929). Section 8–5–2, N.M.S.A.1978, defines the duties of the attorney general. Subsections (B) and (J) provide that the attorney general shall:

(B) *prosecute* and defend in any other court or tribunal *all actions* and proceedings, *civil* or criminal, in which the state may be a party or interested *when, in his judgment, the interest of the state requires* such action . . . . (Emphasis added.)

. . . .

(J) *appear* before local, state and federal courts . . . *to represent and to be heard on behalf of the state when, in his judgment, the public interest of the state requires such* action . . . . (Emphasis added.)

 It is VSL's contention that the Legislature intended Section 8–5–2 to be a restrictive statute which does not give the attorney general the power to *initiate* litigation, but merely grants the right to appear and represent the State only when action has been initiated by others. We disagree. Inherent in the attorney general's duty to "prosecute" is the power to initiate civil lawsuits when, *in his judgment*, the interest of the state is in need of protection. The language of the statute grants the attorney general discretion in determining when the public interest requires him to bring a civil action on behalf of the state. In construing a statutory provision to determine the intent of the Legislature, the statute is to be read as a whole, giving the words their ordinary and usual meaning unless a different intent is made clear. *Winston v. New Mexico State Police Board*, 80 N.M. 310, 454 P.2d 967

(1969). "The meaning of the word 'prosecute' not only in its ordinary definitive sense but by the interpretation of many courts, includes the commencement or institution of suits." *Lesnow Bros. v. United States*, 78 F.Supp. 829, 831 (Ct.Cl.1948).

An examination of Subsections (B) and (J) convinces us that enforcement of the "due-on-sale" law is a sufficient state interest to justify the attorney general's initiation of this action. It is clear that the attorney general not only has standing to bring this lawsuit, but also has the power and the duty to do so.

II

VSL next contends that mortgages executed by them prior to March 15, 1979, are not affected by the "due-on-sale" law.

The "due-on-sale" law provides:

48–7–11. *Purpose.*

The legislature finds that clauses in mortgages and deeds of trust by way of mortgages [mortgage] of real estate on residential property consisting of not more than four housing units, which:

A. allow the mortgagee or similar party to accelerate payments upon a transfer of the property by the mortgagor may constitute an unreasonable restraint upon alienation, to the detriment of the public welfare; and

B. allow the mortgagee or similar party to increase the interest thereon if the property is transferred may constitute an unreasonable restraint upon alienation to the detriment of the public welfare.

48–7–12. *Unenforceable provisions.*

A. A provision in a mortgage instrument or a deed of trust by way of mortgage of real estate, securing an interest in residential property consisting of not more than four housing units, which permits:

(1) an acceleration of the payment of an indebtedness due in the event of a transfer of all or any part of the mortgagor's interest to another party by any means is unenforceable unless the securi-

ty interest is substantially impaired or
. . .

(2) an increase in the rate of interest on the indebtedness in the event of the transfer of all or any part of the mortgagor's interest to another party by any means is unenforceable unless the security interest is substantially impaired.

48–7–13. *Security; safeguard.*

Any creditor or mortgagee who feels the security interest is endangered by the transfer of the real estate to another party may proceed by foreclosure; provided that the creditor or mortgagee shall, as a condition to such foreclosure, prove that the security interest in the property would be substantially impaired.

VSL's policy on the transfer or assumption of a mortgage is expressed in its uniform mortgage instrument approved by the Federal National Mortgage Association (FNMA) and the Federal Housing Loan Mortgage Corporation (FHLMC).[3] Paragraph 17 provides:

*Transfer of the Property; Assumption. If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender may, at Lender's option, declare all the sums secured by this Mortgage to be immediately due and payable.* Lender

shall have waived such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to Lender *and that the interest payable on the sums secured by this Mortgage shall be at such rate as Lender shall request.* (Emphasis added.)

It is undisputed that the "due-on-sale" law applies to mortgages executed by VSL subsequent to March 15, 1979. The appeal on this issue, however, turns on the right of VSL to withhold consent to a transfer of property subsequent to March 15, 1979, unless the purchaser agrees to pay an increased rate of interest on the unpaid balance of a mortgage executed prior to March 15, 1979.

■ Although this issue was not raised at trial or argued by counsel on appeal, amicus curiae American Savings and Loan Association briefed the issue in support of the reasonableness of the due-on-sale clauses and the attorney general replied. We believe that the question of the validity of the due-on-sale clauses is "of a general public nature affecting the interest of the state at large" and we therefore decide this issue although it was not raised in the lower court. *DesGeorges v. Grainger,* 76 N.M. 52, 59, 412 P.2d 6, 11 (1966), *quoting Sais v. City Electric Co.,* 26 N.M. 66, 68, 188 P. 1110, 1111 (1920).

At common law, restraints on alienation were prohibited. *In Re Sahlender's Estate,* 89 Cal.App.2d 329, 201 P.2d 69 (1948). New Mexico has interpreted the common law

---

**3.** Although the forms used by VSL are approved by federal associations, the State's right to construe its provisions in light of New Mexico law is not necessarily preempted by federal law. While the FNMA–FHLMC uniform instrument has been employed by VSL, VSL is still a state chartered association. Furthermore, paragraph 15 of the uniform instrument provides:

This Mortgage shall be governed by the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not

affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Mortgage and the Note are declared to be severable.

Thus, since the FNMA–FHLMC uniform instrument employed by VSL makes the law of the jurisdiction in which the property is located controlling, no provision can be enforced which violates state law. *See Williams v. First Fed. Sav. & Loan Ass'n, Etc.,* 651 F.2d 910 (4th Cir. 1981); *First Federal S. & L. Ass'n v. Lockwood,* 385 So.2d 156 (Fla.App.1980).

rule to mean that reasonable restraints upon the alienation of property are enforceable, but will be construed to operate within their exact limits. *DeBaca v. Fidel*, 61 N.M. 181, 297 P.2d 322 (1956). The New Mexico Legislature has adopted this view by adopting the common law in Section 38–1–3, N.M.S.A.1978. Whether a due-on-sale clause is a reasonable restraint upon alienation is a matter of first impression in New Mexico. Other jurisdictions have decided this issue with divergent views.

One view is that due-on-sale clauses are not per se invalid; their validity depends upon the reasonableness of the underlying purpose of the restraint. *See Baker v. Loves Park Savings and Loan Association*, 61 Ill.2d 119, 333 N.E.2d 1 (1975); *Crockett v. First Federal S. & L. Ass'n, Etc.*, 289 N.C. 620, 224 S.E.2d 580 (1976) (due-on-sale clauses are valid absent a showing that the lender acted fraudulently, inequitably, oppressively or unconscionably); *People's Savings Assn. v. Standard Industries, Inc.*, 22 Ohio App.2d 35, 257 N.E.2d 406 (1970); *Gunther v. White*, 489 S.W.2d 529 (Tenn.1973) (due-on-sale clause valid even though its motive was to secure an increase in the rate of interest); *Malouff v. Midland Federal Savings and Loan Ass'n*, 181 Colo. 294, 509 P.2d 1240 (1973) (protection from the effects of inflationary conditions did not render the due-on-sale clause unenforceable).

Another view is that due-on-sale clauses may be validly exercised only if a legitimate interest of the lender is threatened. *Wellenkamp v. Bank of America*, 21 Cal.3d 943, 148 Cal.Rptr. 379, 582 P.2d 970 (1978). The protection of the lender's security is a recognized legitimate interest. *Patton v. First Fed. Sav. & Loan Ass'n, Etc.*, 118 Ariz. 473, 578 P.2d 152 (1978); *Wellenkamp, supra; Continental Fed. Sav. & Loan Ass'n v. Fetter*, 564 P.2d 1013 (Okla. 1977); *Terry v. Born*, 24 Wash.App. 652, 604 P.2d 504 (1979).

It is the opinion of this Court that the latter view be adopted as the law of New Mexico. Although the "due-on-sale" law did not become effective until its emergency enactment on March 15, 1979, we hold, based upon common law principles, that due-on-sale clauses which either permit acceleration of payment or increased interest rates upon transfer of property or assumption of mortgages without a showing of substantial impairment to the lender's security interest are unenforceable as unreasonable restraints upon alienation. This holding is not applicable to the exceptions enumerated in the statutes, and parallels the language of the "due-on-sale" law and is consistent with the legislative intent demonstrated by that statute.

### III

We now turn to the issue of whether the lower court properly granted supplementary restitutionary relief. The lower court, on November 24, 1980, entered its Supplemental Judgment and Order decreeing that the attorney general, on behalf of the State of New Mexico, is a real party in interest, that individual borrowers are not indispensable parties, and that the attorney general could obtain restitution on their behalf. The court then ordered that VSL refund any additional interest collected by VSL contrary to Sections 48–7–11 through 48–7–14, with interest in the amount of ten percent per annum.

VSL argues that if the State did have an interest, that interest was satisfied when the court entered its declaratory judgment and that restitutionary relief was therefore inappropriate. Section 44–6–9, N.M.S.A.1978, of the Declaratory Judgment Act, permits relief supplemental to a declaratory judgment whenever necessary or proper. Such relief may only be entered after an order to show cause, and then upon a determination that it should be granted to complete the relief declared. *Pan American Petroleum Corp. v. El Paso Nat. Gas Co.*, 77 N.M. 481, 424 P.2d 397 (1966) [decided under the same law codified at § 22–6–12, N.M.S.A.1953 (Supp.1975)]. Herein, the trial court entered an order for VSL to show cause why further relief should not be granted. VSL having failed to do so, the trial court properly ordered restitution.

VSL also contends that restitutionary relief was inappropriate in this instance, since the attorney general is not a real party in interest and indispensable parties were not named in this suit. VSL did not specify who the indispensable parties were. Their contention that the attorney general is not a real party in interest is without merit. The attorney general's duty of prosecuting any action when, in his judgment, the interest of the state is present, makes him a real party in interest. *State ex rel. Maloney v. Sierra*, 82 N.M. 125, 477 P.2d 301 (1970) [decided under § 4–3–2(B), N.M.S.A.1978]. In the instant case, the attorney general challenged the lending policies of VSL as being in violation of the "due-on-sale" law; he did not rely on any specific transactions in bringing this action. Thus, he was acting to protect and further the interest of the state.

The argument that this action should be dismissed for failure to join indispensable parties is also without merit. New Mexico Rule of Civil Procedure 19, N.M.S.A.1978 (Repl.Pamp.1980), requires that a party be joined in an action if complete relief cannot be accorded among the named parties in the unnamed party's absence, or if the unnamed party claims an interest in the action and his absence would prejudice his rights or the rights of the named parties. Nothing in the record indicates that either the named parties or the borrowers will be prejudiced by the decision of the lower court. The lower court properly granted restitutionary relief.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

EASLEY, C. J., and RIORDAN, J., concur.

PAYNE and FEDERICI, JJ., respectfully concur in part and dissent in part.

PAYNE and FEDERICI, Justices (concurring in part and dissenting in part).

We dissent as to Part II of the opinion in that it applies the "due-on-sale" law (§§ 48–7–11 through 48–7–14, N.M.S.A.1978

(Cum.Supp.1981) to mortgages executed prior to March 15, 1979 but not assigned until after that date. We feel the majority holding impermissively infringes on the right to contract. We concur in the other portions of the opinion which holds that the Attorney General has standing to bring the action in this suit and that the "due-on-sale" law is constitutional as it applies to mortgages that arise after its effective date.